IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Mitchell Ryan<br><br>*Plaintiff*,<br><br>v.<br><br>Grapevine-Colleyville Independent School District and Jorge Rodriguez in his official capacity as GCISD School Board President<br><br>*Defendants*. | **VERIFIED COMPLAINT**<br><br>Civil Action No. 4:21-cv-1075 |

Plaintiff Mitchell Ryan ("Mr. Ryan") brings this civil action against Defendants Grapevine-Colleyville Independent School District ("GCISD") and Jose Rodriguez ("President Rodriguez") in his official capacity as GCISD School Board President, for nominal damages, actual damages, and injunctive relief and allege as follows:

## Introduction

1. This action seeks nominal damages, actual damages, and injunctive relief to remedy unconstitutional restrictions of Mr. Ryan's rights protected under the First Amendment.

2. Mitchell Ryan is a resident of GCISD. He is vocal regarding the issue of critical theory in GCISD schools generally, and specifically regarding the efforts of GCISD Colleyville Heritage High School Principal James Whitfield's efforts to promote

– 1 –

critical theory. Non-renewal of Principal Whitfield's contract for the 2022 school year is currently under consideration by GCISD. Accordingly, discussion of Whitfield's efforts is expected to be a subject on which Mr. Ryan and others can reasonably expect to desire to share their opinions with the board in the near future.

3.    The GCISD school board maintains an open public forum at its meetings for citizens, like Mr. Ryan, to address the board. However, despite this generally open forum, GCISD has adopted and published an official policy (hereinafter the "Speech Content Policy") prohibiting citizens from identifying district employees and other persons, such as Principal Whitfield, by name during their comments offered during the open public forum. GCISD School Board President Jorge Rodriguez enforced the policy against Mr. Ryan at the board's August 23, 2021 meeting and prohibited Mr. Ryan from delivering comments regarding Principal Whitfield. President Rodriguez is expected to enforce the policy again at the board's future meetings in ways that will further silence Mr. Ryan's speech.

4.    Aside from the official Speech Content Policy, Principal Rodriguez has also admitted to enforcing an unwritten, unofficial policy (hereinafter the "Ad Hoc Viewpoint Policy") prohibiting complaints against district employees. Pursuant to his Ad Hoc Viewpoint Policy, President Rodriguez has engaged in viewpoint discrimination by prohibiting comments from Mr. Ryan that are critical of Principal Whitfield, while allowing comments by other speakers praising Principal Whitfield.

5. The enforcement of the Speech Content Policy and the Ad Hoc Viewpoint Policy is causing an ongoing, irreparable injury to Plaintiff under the First Amendment to the United States Constitution that this Court must remedy.

## Jurisdiction and Venue

6. This action arises under the First and Fourteenth Amendments to the United States Constitution and is brought pursuant to 42 U.S.C. § 1983.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because the Defendants reside in this district and a substantial part of the events giving rise to this claim occurred in this district.

## Parties

9. Plaintiff Mitchell Ryan is an individual who resides in Tarrant County, Texas. He is a resident and taxpayer of GCISD who regularly attends GCISD board meetings and comments during the open public forum portion of the meetings.

10. Defendant Grapevine-Colleyville Independent School District is an independent school district located in Tarrant County.

11. Defendant Jorge Rodriguez is GCISD School Board President. Under the Board's policies, President Rodriguez is charged with presiding over GCISD board meetings and enforcing the board's policies with regard to the open public forum portion of the meeting. He is sued in his official capacity as GCISD School Board President.

12. Defendants have been, at all relevant times to this suit, acting under color of state law in taking the actions complained of herein.

## Statement of Facts

13. Grapevine-Colleyville Independent School District allows 30 minutes for citizens to address the board at its meetings during an open public forum. Citizens are allowed to address the board for no less than one minute.

14. While citizens are generally unrestricted in the issues they may bring to the board's attention during the open public forum portion of the meeting, the board has published an official policy restricting citizens from mentioning names of district staff members (the "Speech Content Policy"). The Speech Content Policy specifically states:

> Attacks of a personal nature against Board members, GCISD staff, students or other citizens will not be allowed or tolerated. Speakers must refrain from mentioning specific names of staff members during their comments.[1]

15. Mr. Ryan attended the board's August 23, 2021, meeting and attempted to comment regarding Principal James Whitfield, principal of GCISD's Colleyville Heritage High School. During his comments, Mr. Ryan was interrupted repeatedly by GCISD School Board President Jorge Rodriguez and disallowed from continuing his comments regarding Principal Whitfield.

---

[1] *GCISD Board Meeting Decorum*, Grapevine Colleyville Independent School District, https://www.gcisd.net/news/what_s_new/gcisd_board_meeting_decorum (last visited September 20, 2021).

– 4 –

16. In addition to applying the Speech Content Policy against Mr. Ryan, President Rodriguez also engaged in viewpoint discrimination against Mr. Ryan by applying an unpublished Ad Hoc Viewpoint Policy against his speech. This is evidenced by President Rodriguez's decision to allow a woman to mention Principal Whitfield's name three times while offering comments favorable to Principal Whitfield at the August meeting.

17. In a comment on Facebook, President Rodriguez explained the bounds of his Ad Hoc Viewpoint Policy, how it differs and conflicts with the clear text of the Speech Content Policy, and how he had applied it against Mr. Ryan while allowing another woman to speak in apparent violation of the Speech Content Policy. President Rodriguez wrote:

> [M]entioning a name is not against the rules. Making a complaint about an individual by name or title is. I had to wait until he made a complaint to stop him. The same applies to the lady that mentioned the name of the principal three times. She was expressing support, and that was within the rules. I will explain this again before the next Open Forum. Fortunately 62 out of 63 speakers played by the rules.

18. Until he made this confession in his online comments it had appeared to Mr. Ryan that President Rodriguez was enforcing the Speech Content Policy in cutting off his comments during the August meeting. However, it appears that Principal Rodriguez instead intends to enforce his Ad Hoc Viewpoint Policy at upcoming meetings.

19. Mr. Ryan intends to attend the scheduled September 27, 2021, GCISD board meeting, along with other future board meetings, and to address the board

regarding Principal Whitfield again. He expects, however, that his comments will again be cut off by President Rodriguez through President Rodriguez's enforcement of either the Speech Content Policy or the Ad Hoc Viewpoint Policy.

20. Because of the adoption of the Speech Content Policy and its enforcement by President Rodriguez as well as his enforcement of his Ad Hoc Viewpoint Policy, Mr. Ryan has been and will be prohibited from addressing the board regarding Principal Whitfield's efforts to promote critical theory at Colleyville Heritage High School.

21. A long and unbroken line of cases have established that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). When First Amendment rights are burdened, there is a presumption of irreparable harm. *Cmty. Communications v. City of Boulder*, 660 F.2d 1370, 1376 (10th Cir. 1981).

22. Mr. Ryan has already suffered an irreparable injury at the August meeting and will suffer an irreparable injury at upcoming meetings absent court intervention.

## Count I
## 42 U.S.C. §§ 1983, 1988
## Violation of the First Amendment

23. Mr. Ryan repeats and re-alleges each of the foregoing allegations in this Verified Complaint.

24. The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech, or of the press." U.S. CONST. amend. I. "[T]he First Amendment is applicable to the States through the Fourteenth [Amendment.]" *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 778 (1978).

25. "In the First Amendment context," the Supreme Court "recognizes 'a . . . type of facial challenge,' whereby a law may be invalidated as overbroad if 'a *substantial number* of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *U.S. v. Stevens*, 559 U.S. 460, 473 (2010), *citing Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 n.6 (2008) (emphasis added).

26. Here the Speech Content Policy "creates a [] prohibition of alarming breadth." *Stevens*, 559 U.S. at 474. The policy attempts to prohibit certain speech content, most basically the mentioning of employee names, but also "attacks of a personal nature" against employees, GCISD board members themselves, as well as others in the community. Lacking a definition of "attacks of a personal nature," this prohibition sweeps broadly to prohibit any speech regarding any person that the Board President finds objectionable.

27. The prohibition against Mr. Ryan speaking on certain topics to the board, including the names of district officials, is a content-based speech restriction and is presumptively unconstitutional under the Supreme Court's precedent in *Reed v. Town of Gilbert*, 576 U.S. 155 (2015). There are no legitimate applications of the policy, the policy's sweep is plainly illegitimate, and therefore a facial challenge is appropriate. The policy is also unconstitutional as applied to Mr. Ryan in that it is currently being used to suppress his speech on a topic of great concern to him and to the community.

28. Moreover, President Rodriguez's Ad Hoc Viewpoint Policy prohibiting criticism, but not praise, of district employees is an example of viewpoint discrimination.

Viewpoint discrimination is "a more blatant and egregious form of content discrimination." *Id.* at 168. Disallowing Mr. Ryan's critical comments while refusing to enforce the Speech Content Policy against speakers who speak in favor of district employees further Violates Mr. Ryan's right to free speech under the First Amendment, as applied to the states through the Fourteenth Amendment.

29. Defendants have no compelling interest in prohibiting citizens from including the names of district employees in the content of their speech during the open public forum portion of GCISD meetings or otherwise in restricting the content of citizens' speech in any way during that portion of the meeting.

30. Defendants have imposed unconstitutional content-based and viewpoint-motivated speech restrictions while acting under color of state law. As a direct and proximate consequence of the Defendants' actions, Mr. Ryan has suffered an injury and is entitled to nominal and compensatory damages. Moreover, Mr. Ryan's injury is an irreparable injury for which there is no adequate remedy at law. If the Speech Content Policy and Ad Hoc Viewpoint Policy continue to be enforced at GCISD board meetings, Mr. Ryan will continue to suffer an irreparable injury at each meeting where he is prohibited from voicing his concerns about district employees. Mr. Ryan is entitled to a preliminary and permanent injunction prohibiting Defendants from enforcing the Speech Content Policy and Ad Hoc Viewpoint Policy against him.

31. Mr. Ryan is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## Prayer for Relief

WHEREFORE, Plaintiff Mitchell Ryan respectfully requests this Court enter judgment in his favor and against Defendants and provide the following relief:

A. Preliminary and permanent injunctive relief pursuant to 42 U.S.C. § 1983 against the enforcement of GCISD's official policy prohibiting comments during the open public forum portion of its meetings that mention the names of district employees or that contain "attacks of a personal nature" or its unofficial policy prohibiting comments critical of district employees;

B. Nominal damages;

C. Compensatory damages;

D. Mr. Ryan's reasonable costs and expenses of this action, including attorneys' fees, in accordance with 42 U.S.C. § 1988 and all other applicable laws; and

E. Any and all other further relief to which Mr. Ryan may be justly entitled.

Respectfully submitted,

**THE LAW OFFICES OF TONY MCDONALD**

By:  /s/ Tony McDonald

Tony McDonald
State Bar No. 24083477
tony@tonymcdonald.com
1501 Leander Dr., Ste. B2
Leander, TX 78641
(512) 200-3608 (Tel)
(815) 550-1292 (Fax)

*Counsel for Plaintiff*

Dated September 21, 2021

## VERIFICATION

I, Mitchell Ryan, declare as follows:

1. I am the Plaintiff in the present case. I am a citizen and resident of Tarrant County, Texas, and reside in Grapevine-Colleyville Independent School District. I have personal knowledge of my activities, and my intentions, including the facts set out in the foregoing Complaint, and if called on to testify I would competently testify as to the matters stated therein.

2. I have personal knowledge of the GCISD's Speech Content Policy and President Rodriguez's Ad Hoc Viewpoint Policy and the enforcement of the policies by President Rodriguez against me and others. I have personal knowledge of the board's August 23, 2021 meeting, and the events that took place on that date at the board meeting. I intend to attend the board's September 27, 2021 board meeting and speak during the open public forum period of the meeting regarding Colleyville Heritage High School Principal James Whitfield. However, I expect to be prohibited from making my desired comments absent court intervention.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in the Complaint concerning the above-mentioned topics are true and correct. 28 U.S.C. § 1746.

Executed on September 21, 2021.

_____
Mitchell Ryan