# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| MITCHELL RYAN ) <br>   Plaintiff, ) <br> v. ) <br>                    ) <br> GRAPEVINE COLLEYVILLE ) <br> INDEPENDENT SCHOOL ) <br> DISTRICT and JORGE RODRIGUEZ ) <br> in his official capacity as GCISD ) <br> School Board President <br>   Defendants. ) | Case No.: 4:21-cv-01075-P |

## DEFENDANTS' RULE 12(b)(5) OBJECTION, MOTION FOR CONTINUANCE AND RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND BRIEF

Joseph F. Cleveland, Jr.
State Bar No. 04378900
jcleveland@belaw.com
Sarah S. Flournoy
State Bar No. 24036575
sflournoy@belaw.com

BRACKETT & ELLIS P.C.
100 Main Street
Fort Worth, Texas 76102-3090
Telephone: (817) 338-1700
Facsimile: (817) 870-2265

ATTORNEYS FOR DEFENDANTS
GRAPEVINE COLLEYVILLE
INDEPENDENT SCHOOL DISTRICT and
JORGE RODRIGUEZ in his official
capacity as School Board President

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................1

II. SUMMARY OF THE RELEVANT FACTS.....................................................2

III. RULE 12(b)(5) OBJECTION AND MOTION FOR CONTINUANCE.........4

IV. ARGUMENT AND AUTHORITIES ..............................................................4

   A. Plaintiff will not prevail on the merits. ................................................................ 5

   B. There is no substantial threat of irreparable harm if the injunction is not granted. ............................................................................................................. 8

   C. The harm to the District outweighs the alleged injury. ........................................ 9

   D. Granting the preliminary injunction will disserve the public interest. .......... 10

   E. The requested injunction does not preserve the status quo. ............................ 10

V. CONCLUSION .................................................................................................11

# **TABLE OF AUTHORITIES**

**Cases**

*Clark v. Prichard*,
   812 F.2d 991, 993 (5th Cir. 1987) ..................................................................................4

*Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv. Corp.*,
   441 F.2d 560 (5th Cir. 1971) ..........................................................................................8

*Fairchild v. Liberty Indp. Sch. Dist.*,
   597 F.3d 747 (2010) ............................................................................................4, 5, 6, 8

*Pavlov v. Parsons*,
   574 F.Supp. 393 (S.D.Tex. 1983) ...................................................................................3

*Robinson v. Hunt County, Texas*,
   921 F.3d 440 (5th Cir. 2019) ..........................................................................................4

*Tinsely v. Comm'r of I.R.S.*,
   3:96-CV-1969-P, 1998 WL 59481 (N.D.Tex. Feb. 9, 2998) ..........................................3

**Statutes**

Tex. Educ. Code Chapter 21 ..................................................................................................7

Tex. Educ. Code §11.1511(b) ................................................................................................7

Tex. Educ. Code §21.207(a) ..................................................................................................7

Tex. Educ. Code §21.355 .......................................................................................................8

Tex. Gov. Code §551.074 ......................................................................................................8

**Other Authorities**

Fed. R. Civ. P. 4 ....................................................................................................................3

Fed. R. Civ. P. 12(b)(5) .........................................................................................................3

Fed. R. Civ. P. 65 ..............................................................................................................4, 8

Defendants Grapevine-Colleyville Independent School District (GCISD or District) and Jorge Rodriguez (collectively Defendants) file this Rule 12(b)(5) objection, motion for continuance and response to the Motion for Temporary Restraining Order and Preliminary Injunction filed by Plaintiff Mitchell Ryan (Plaintiff) and in support would show as follows:

## I.   INTRODUCTION

To prevail on a request for preliminary injunction, Plaintiff must demonstrate a likelihood of success, immediate irreparable harm, that his harm outweighs the potential harm to the defendant and that the injunction will not disserve the public interest. Rather than establishing these elements, Plaintiff makes expansive allegations that his First Amendment rights have been violated improperly suggesting that the Court utilize a strict scrutiny standard. Plaintiff's argument ignores established Fifth Circuit precedent which holds public comment during school board meetings is a limited public forum where the government may impose reasonable restrictions on speech and that the prohibition of complaints against district employees is one such reasonable restriction. Thus, Plaintiff is unlikely to prevail on the very first required element for a preliminary injunction. Further, Plaintiff will not suffer harm if the injunction is denied because he can present complaints regarding employees through the District's robust grievance process. Since there is no harm, the District's loss of public confidential as a neutral arbiter

is the more persuasive concern. Texas law also establishes a clear preference for preserving the privacy of individual employees, which would be disserved by the granting of Plaintiff's request for preliminary injunction. And finally, preliminary injunctions are intended to maintain the status quo, not alter it as Plaintiff requests here. Therefore, Plaintiff's motion for temporary restraining order and preliminary injunction should be denied.

## II.   SUMMARY OF THE RELEVANT FACTS

1. As early as July 21, 2008, GCISD Board Policy BED(LOCAL) directed personal complaints and concerns to the three grievance procedures established under the District's Board Policies. The appropriate policy depends on the complainant's role within the District as either:

   a. an employee = Board Policy DGBA,

   b. a student or parent = Board Policy FNG, or

   c. a member of the public = Board Policy GF.

Ex. A-2 (Affidavit of Paula Barbaroux, GCISD's Chief Operating Officer)[1].

2. GCISD Board Policy BED(LOCAL) currently in place was adopted on November 5, 2019 and contains substantially the same language as was present in the version adopted July 21, 2008. Ex. A-3.

---

[1] Please see Defendants' appendix contemporaneously filed with this response.

3. Since at least 2018, the Board has required individuals desiring to speak during the public comment section of board meetings to complete a Requests to Speak During Open Forum Form, which included the following statement:

> *This is not the forum that the district has provided to raise and resolve complaints about individual employees or students, and we request that persons speaking in open forum refrain from raising complaints against such individuals or personally identifying them in any way in their remarks.*  If your purpose in speaking in open forum is to raise a complaint about a specific employee or student, then I direct your attention to the Board's adopted complaint process.

Ex. A-8 (emphasis in original).

4. The current Requests to Speak during Open Forum Form in place for the August 23, 2021 Board meeting provides:

> Persons speaking in open forum may not raise complaints against individual employees or students or personally identify them in any way in their remarks. **This is not the forum provided by the Board for those complaints.** Instead, please utilize the District's grievance procedures provided in Board Policies DGBA, FNG, and GF.

Ex. A-7 (emphasis in original).

5. On August 23, 2021, Plaintiff completed the Requests to Speak during Open Forum form and signed it acknowledging he had read and agreed to follow the rules listed on the form for speaking in open forum.  Ex. A-7.

6. On the Requests to Speak form, Plaintiff listed his topic as "LEAD 2.0." Ex. A-7.

7. When called to the podium, Plaintiff choose to violate these rules and spoke about a particular employee, Dr. James Whitfield. Ex. A, ¶¶ 15-16.

8. Approximately forty second into his sixty second presentation, Plaintiff was reminded by the presiding officer of the instructions he received and agreed to abide by. Ex. A, ¶16.

9. Shortly after being reminded, Plaintiff's time expired. Ex. A, ¶17.

## III.   RULE 12(b)(5) OBJECTION AND MOTION FOR CONTINUANCE

Plaintiff has not properly served either Defendant in this matter. Defendant's therefore object to the hearing on Plaintiff's motion for temporary order as premature and request a continuance until Plaintiff can effectuate service in accordance with the Federal Rules of Civil Procedure. Federal Rules of Civil Procedure 12(b)(5) permits challenges to the method of service attempted by plaintiff or the lack of delivery of summons and complaint. *Tinsely v. Comm'r of I.R.S.,* 3:96-CV-1969-P, 1998 WL 59481, at *3 (N.D.Tex. Feb. 9, 2998). A federal court is without personal jurisdiction over a defendant unless defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Pavlov v. Parsons*, 574 F.Supp. 393, 399 (S.D.Tex. 1983).

## IV.   ARGUMENT AND AUTHORITIES

To secure a temporary restraining order, Plaintiff must demonstrate: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a

4

substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. *Robinson v. Hunt County, Texas,* 921 F.3d 440, 451 (5th Cir. 2019); *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); Fed. R. Civ. P. 65.  Plaintiff's argument fails on all four grounds as discussed below.

### A. Plaintiff will not prevail on the merits.

The Fifth Circuit has made clear that public comment during school board meetings is a limited public forum. *Fairchild v. Liberty Indp. Sch. Dist.*, 597 F.3d 747 (2010).  In *Fairchild*, the Fifth Circuit concluded that unlike the regulation of speech in traditional or designated public forums, which must pass strict scrutiny, "the government may restrict speech in these limited public forums, as long as the regulation (1) does not discriminate against speech on the basis of viewpoint and (2) is reasonable in light of the purpose served by the forum." *Id.* at 758 (internal quotations removed).  Plaintiff has presented no evidence the school board discriminates based on the topic or identity of the speaker.  Instead, the reasonable restriction is designed to divert personal disagreements with employees through an alternative process where they will either be resolved or sharpened for Board resolution while preserving the integrity of the Board's ultimate decision-making

authority regarding possible termination of an employee as well as the privacy of employees and students.

GCISD Board Policy BED(LOCAL), which provides for public comment at school board meetings, was adopted in its current incarnation on or about November 5, 2019—long before Plaintiff's August 23, 2021 address to the Board during public comment. Ex. A-3. The policy does not prohibit speech based on viewpoint but does limit the board's response to public comment: "specific factual information or recitation of existing policy may be furnished in response to inquiries." *See* Ex. A-3 at 1 of 2. In the presiding officer's discretion, the speaker can be redirected to seek resolution through the grievance policy appropriate to their concern. *Id* at 1of 2.

As an extension of this policy, the Board adopted GCISD Board Operating Procedures, which provides "Complaints against employees or students should be pursued under appropriate District grievance policies. Public comment on such matters will not be allowed unless pursuant to those policies." The GCISD Board revises their Board Operating Procedures annually, with the latest update on August 19, 2021; however, this provision has remained constant for at least the previous five years. Again, long before Plaintiff's August 23, 2021 address to the Board during public comment.

Further, contrary to Plaintiff's assertion, the policy does not prohibit Plaintiff from addressing the Board regarding a particular topic. Instead, Plaintiff was

6

referred to the District's robust grievance process which offer Plaintiff a hearing before the Board, at a properly called meeting, where the Board can hear the complaint, consider the complaint, and given notice of its decision regarding the complaint. Ex. A-5. As the Fifth Circuit found in *Fairchild*, "[t]his leaves the public ample opportunity to be heard." *Fairchild,* 597 F.3d at 761.

Like the policy in *Fairchild*, the District's policy of routing complaints against individual employees out of its limited public forum to its robust grievance process does not discriminate against speech on the basis of viewpoint. *Id.*

In addition, the policy is reasonable in light of the purpose served by the limited public forum. Board Policy BED(LEGAL) provides: "A board shall allow each member of the public who desires to address the board regarding an item on an agenda for an open meeting of the board to address the board regarding the item at the meeting before or during the board's consideration of the item." *See* Ex. A-1 at 1 of 2. At regular meetings of the Board, GCISD expands this limited public forum to "permit public comment, regardless of whether the topic is an item on the agenda posted with notice of the meeting." *See* Ex. A-3 at 1 of 2. However, the Board may not deliberate or decide any subject that is not included on the agenda posted with notice of the meeting. *Id.* Like *Fairchild*, "the Board did not open the comment session of its agenda to create a dispute resolution forum, anticipating that issues

7

that do arise can be channeled into and heard at one of the Board's robust grievance processes." *Fairchild,* 597 F.3d at 761.

The limited public forum created by Board Policy BED(LOCAL) can include restrictions on speech. Those restrictions do not have to meet the rigors of strict scrutiny, but instead must not discriminate on the basis of viewpoint and be reasonable for the purpose of the forum. As the Fifth Circuit found, prohibiting complaints against employees during the public comment period of a board meeting "does not infringe a 'substantial' amount of protected speech." *Id.* For these reasons, Plaintiff will not prevail on the merits of his claim.

**B. There is no substantial threat of irreparable harm if the injunction is not granted.**

If the Court properly refuses to sign an injunction, Plaintiff remains able to present his complaints regarding a specific employee to the school board through the District's grievance process. If he is a parent of a student in the District, Board Policy FNG(LOCAL) is available to him. If he is not a parent or employee in the District, he can utilize Board Policy GF(LOCAL). Ex. A-3. Both FNG(LOCAL) and GF(LOCAL) provide for a three-tiered grievance process with the Board making final determination at a schedule board meeting and based on the full record developed during the three-tiered grievance process. Ex. A-5.

Further, Plaintiff remains able to address the Board during the public comment portion of board meetings on any topic of his choosing provided he is not

8

leveling a complaint against a specific employee or student. As previously stated, the Board has provided a different forum for receiving those types of complaints.

There is no substantial threat of harm to Plaintiff's First Amendment right of free speech.

### C. The harm to the District outweighs the alleged injury.

The School Board is the final decisionmaker regarding grievances and personnel matters for a school district. *See* Board Policy BAA(LEGAL); Tex. Educ. Code §11.1511(b). To perform its duty competently and with public confidence, school boards must be a fair arbiter of the disputes presented to them. Allowing complaints regarding employees to be presented during public forum, leaves the board, as an adjudicative body, open to challenges of bias and without the benefit of hearing from the accused employee. It is, in essence, an *ex parte* communication.

On September 20, 2021, by a vote of seven to zero and in accordance with the Texas Education Code Chapter 21, the GCISD Board determined to notify Dr. James Whitfield of the proposed nonrenewal of his term contract. That vote was not dispositive. Dr. Whitfield now has fifteen days to notify the GCISD Board that he desires a hearing. *See* Tex. Educ. Code §21.207(a). Whether he requests a hearing or not, the GCISD Board must consider and "take appropriate action to renew or not renew" Dr. Whitfield's contract. Therefore, a second vote by the Board is pending. Plaintiff's request for a temporary restraining order would harm the District's ability

to carefully balance the rights of the accused and accuser and disrupt the orderly and robust grievance process for handling these types of complaints.

### D. Granting the preliminary injunction will disserve the public interest.

The Texas Legislatures has clearly identified matters of government employment as confidential. The Texas Open Meeting Acts "does not require a governmental body to conduct an open meeting: (1) to deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee; or (2) *to hear a complaint or charge against an officer or employee*." Tex. Gov. Code §551.074 (*emphasis added*). "A document evaluating the performance of a teacher or administrator is confidential and is not subject to disclosure under Chapter 552 (public information), Government Code." Tex. Educ. Code §21.355. "The Board has a legitimate interest, if not state-law duty, to protect student and teacher privacy and avoid naming or shaming as potential frustration of its conduct of business." *Fairchild,* 597 F.3d at 761.

### E. The requested injunction does not preserve the status quo.

"The purpose of a preliminary injunction is to preserve the status quo." *Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971). Plaintiff is not asking the Court to preserve that status quo, but to change it by disallowing a policy that has been in place for more than five years. "[W]hen a plaintiff applies for a mandatory preliminary injunction, such relief 'should not be

granted except in rare instances in which the facts and law are clearly in favor of the moving party.'" *Exhibitors Poster Exch., Inc.,* 441 F.2d at 561. Here, Plaintiff has utterly failed to meet this extraordinary burden for its requested relief from this Court.

Furthermore, under Fed. R. Civ. P. 65, a Court may issue a preliminary injunction "only if [Plaintiff] gives security in an amount that the court considers proper to pay the costs and damages sustained by [GCISD] found to have been wrongfully enjoined or restrained." If the Court decides to enter a preliminary injunction, GCISD requests a bond in the amount of no less than $25,000 for attorney's fees, costs and damages likely to result from the District being unlawfully ordered to abandon its long-held policy.

## V. CONCLUSION

For the reasons stated Defendants request that the Court deny Plaintiff's motion for temporary restraining order and preliminary injunction. In the alternative, Defendants request that the Court continue the hearing until such time the Defendants are properly served.

Dated September 23, 2021.

                        Respectfully submitted,

                        */s/ Joseph F. Cleveland, Jr.*
                        Joseph F. Cleveland, Jr.
                        State Bar No. 04378900
                        Sarah S. Flournoy
                        State Bar No. 24036575

                        BRACKETT & ELLIS P.C.
                        100 Main Street
                        Fort Worth, Texas 76102-3090
                        Telephone: (817) 338-1700
                        Facsimile: (817) 870-2265

                        ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was forwarded this 23rd day of September, 2021, by United States mail, postage prepaid via certified mail, return receipt requested, to all counsel of record as shown below pursuant to the Federal Rules of Civil Procedure:

Tony McDonald                  Via: Email
tony@tonymcdonald.com
1501 Leander Dr., Ste. B2
Leander, TX 78641

                                           */s/ Joseph F. Cleveland, Jr.*
                                           Joseph F. Cleveland, Jr.

1281948-v2/7613-024000