IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MITCHELL RYAN<br>  Plaintiff,<br>v.<br><br>GRAPEVINE COLLEYVILLE<br>INDEPENDENT SCHOOL DISTRICT and<br>JORGE RODRIGUEZ in his official<br>capacity as GCISD School Board President<br>  Defendants. | Case No.: 4:21-cv-01075-P |

## AFFIDAVIT OF PAULA BARBAROUX

STATE OF TEXAS            §

COUNTY OF TARRANT   §

BEFORE ME the undersigned Notary Public on this day personally appeared Paula Barbaroux, the Affiant, known to me to be the person who subscribed her name to the affidavit after I duly swore her upon her oath, stated as follows:

1. My name is Paula Barbaroux. I am the Chief Operations Officer of the Grapevine-Colleyville Independent School District ("GCISD" or the "District"), located at 3051 Ira E. Woods Avenue, Grapevine, Texas, 76051.

2. I am of sound mind, capable of making this affidavit, and personally-acquainted with the facts stated herein.

3. I have been employed by GCISD for 34 years, and have served as Chief Operations Officer for many years. In addition, I received my law degree from Texas Wesleyan Law School in December, 1996, and have been a licensed attorney in Texas since 1997.

4. As the Chief Operations Officer, I have familiarity with all operations of the District, including, without limitation, Board Policies, as those have been adopted or revised for many years. Also, as Chief Operations Officer, I attend most, if not all, meetings of the Board of Trustees of the District.

EXHIBIT A

5. I was present in the Board of Trustees meeting on August 23, 2021, and witnessed the comments made by Mr. Mitchell Ryan on that date.

6. For many years, the Board Policy of GCISD relating to board meetings and public comment in those board meetings, has been included in Board Policy BED(LOCAL). The Board Policy was prepared for the District by the Texas Association of School Boards' Policy Service. Such policies from the Texas Association of School Boards are used by all school districts of which I am familiar, and almost all Texas school districts. I believe that Board Policy BED(LOCAL) as adopted by Grapevine-Colleyville Independent School District is identical to or substantially similar to board policies used in every Texas school district, particularly in regard to the handling of public comments that involve complaints against employees and the forwarding and redirecting of such comments to the District's adopted grievance policies.

7. Board Policy BED(LEGAL) explains federal and state law regarding public comments. A true and correct copy of this policy is attached hereto as Exhibit A-1. Board Policy BED(LOCAL) was also in effect at the time of the August 23, 2021 Board meeting. A true and correct copy of this policy is attached hereto as Exhibit A-3. The current BED(LOCAL) policy is almost identical as far back as 2004. (See Ex A-4, which is a true and correct copy of the previous versions). This policy specifically directs the presiding officer or designee of the Board of Trustees to refer any employee who wishes to file a grievance to Board Policies DGBA(LEGAL) and (LOCAL). Any student complaint or a parent of a student is directed to Board Policy FNG(LEGAL) and (LOCAL). Any complaints by members of the public, such as Plaintiff Ryan, are to be referred to Board Policy GF(LEGAL) and (LOCAL). True and correct copies of Board Policies GF (LEGAL) and (LOCAL) are attached hereto as Exhibit A-5. These board policies were also in effect at the time of the August 23, 2021 meeting.

8. It has been the policy of the District to notify all audience members at board meetings of the requirement that complaints against the District raised in Open Session should be referred and directed to the District's grievance policies referenced above.

9. Before any speakers spoke to the Board on August 23, 2021, as in every meeting,. At the time for public comment, the Board Secretary describes the procedures for Open Forum. Her script, (a true and correct copy which is attached as A-9) which has been used without change since at least 2019, stated that persons speaking in Open Forum on items not on the agenda should refrain from raising complaints against individual employees or students if they have not gone through the District's procedures. A true and correct copy of the Open Forum form signed by Plaintiff Ryan on July 26, 2021 is attached hereto as Exhibit A-6. Virtually this very same language was used as far back as 2018. A true and correct copy attached hereto as Exhibit 8, is an example. (See Exhibit A-8 for the form used in 2018). I remember Plaintiff Ryan being at board meetings and speaking to the Board in and

around 2018. Therefore, he has full notice of the Board's policies and procedures for at least three years, yet he continued to speak in violation of the policies on August 23, 2021, when he signed the required form on the night in question, August 23, 2021, a true and correct copy is attached as Exhibit A-7. Therefore, despite acknowledging receipt of the District policy prohibiting such speech and despite being notified again through the Board Secretary's remarks at the beginning of Open Forum, Plaintiff Ryan attempted to criticize a District employee, Dr. James Whitfield, without having ever filed a grievance or pursing his grievance through the District's grievance policies.

10. Under Board Policy GF(LOCAL), there is a description of the grievance process. Members of the public who wish to file a complaint must 1) file it within fifteen (15) days of the date the individual first knew, or with reasonable diligence should have known, of the decision or action giving rise to the complaint or grievance; and 2) must file the complaint with the lowest level administrator who has the authority to remedy the alleged problem. If the only administrator who has the authority to remedy the alleged problem is the Superintendent or designee, the complaint may begin at Level II, following the procedure and deadlines for filing a complaint at Level I. If the member of public is not satisfied with the relief provided with the original grievance, an appeal may be filed with the Superintendent or designee designated to hear Level II appeals. If the original grievance began at Level II, the grievance appeal is to Level III before the Board of Trustees.

11. Without such policies, any public speaker can make baseless allegations in Open Forum, which would deprive the person spoken about the chance to respond and allow the speaker to slander the employee in his comments. The person spoken about cannot make any response because under the Texas Open Meetings Act, no one can speak or discuss a topic that is not on the meeting's agenda. (There was nothing on the meeting agenda on August 23, 2021, that referenced Dr. Whitfield.) However, if the matter is taken to a grievance process, there is a full opportunity for both sides to discuss the matter and present evidence and to support or rebut any allegation. That policy cannot be effective if a member of the public is allowed to speak without having first gone through the grievance process.

12. By following these procedures, a complaint and grievance filed by a member of the public can be presented by the grievant to the District and the grievant can provide any evidence or documents which support the grievance. The District administrator or Superintendent that hears the grievance may also investigate the complaint, and present evidence and provide information to the grievant regarding the allegations. A decision letter is issued at each level of the grievance process which details the findings of the administrator hearing the grievance. The grievant, if not satisfied with that decision, can appeal to the Superintendent or his/her designee. The ultimate appeal of any such public grievance is to the Board of Trustees. In the Level III grievance hearing, the Board of Trustees sits as the finder of fact and renders a decision on that grievance. Allowing speakers in the public comment to lay out their complaints against an employee and with the employee unable to

respond, the speaker could interfere with the Board's ability to be a mutual finder of fact and could result in a board member's need to recuse himself or herself when called upon to decide the grievance appeal.

13. Each person who requests to speak during Open Forum must fill out an information form and give it to the Board so that it will know the subject of the presentation and the identity of the person speaking. Plaintiff Ryan has spoken to the Board on at least two occasions this year, and may have also spoken to the Board in the past. Plaintiff Ryan spoke to the Board on July 26, 2021, and at that time filled out the request to speak during Open Forum. A true and correct copy of that form is attached hereto as Exhibit A-6. The fifth bullet of the form directs all speakers are to refrain from raising complaints against individuals or personally identifying them in any way in their remarks, unless it is pursuant to the District grievance policy. It further states that the grievance process is the Forum that the District has provided to raise and resolve complaints is the grievance process, described above in my statement. This form was signed by Plaintiff Ryan on July 26, 2021, when he spoke to the Board. When Plaintiff Ryan spoke to the Board on August 23, 2021, he again filled out the form and signed it acknowledging his receipt of the rules for speaking in Open Forum. A true and correct copy of this form is attached hereto as Exhibit A-7. The fifth bullet of that revised form, states the same content concerning the presentation of complaints that had not been presented through the District's grievance policies.

14. On the night in question, August 23, 2021, Plaintiff Ryan identified his topic as "LEAD 2.0". LEAD 2.0 is a District vision statement which has been prepared by the District and its administrators to set out its plans for future actions and goals to be met in order to improve education of District students. However, none of Plaintiff Ryan's comments in the August 23, 2021 meeting had anything to do with the LEAD 2.0 plan. Instead, Plaintiff Ryan immediately began to talk about and attempt to criticize Dr. James Whitfield.

15. Plaintiff Ryan's opening comments were "There are 56 languages spoken in GCISD, but the most important language is the language of love." When Plaintiff Ryan said the word "love," he held the word and leaned in very closely to the microphone. He then stated, "I want to support Dr. Whitfield and his posting of the picture of him straddling his wife on the beach." The photo he referred to is a photo which has been widely discussed in the media by Dr. Whitfield, and which Dr. Whitfield claims was the subject of racist discussions between him and District administrators. I understood Plaintiff Ryan's reference to be that he was attempting to criticize Dr. Whitfield by referring to matters which had been widely discussed and publicity about Dr. Whitfield's troubles with the District. Further, Plaintiff Ryan's tone of voice was sarcastic and was interpreted by myself, Board President Jorge Rodriguez, and other attendees at the meeting as another attempt to criticize Principal Whitfield, despite the fact he had never filed a grievance against Dr. Whitfield. Board President Rodriguez reminded Plaintiff Ryan that he could not "mention and make complaints" about employees in Open Forum, in accordance

with Board Policy BED(LOCAL) and the information provided to attendees at the meeting. Plaintiff Ryan immediately returned to mentioning Dr. Whitfield's name, and was warned again, by Board President Rodriguez, as well as by considerable commotion in the audience of the board meeting for his blatant violation of the first warning, and the directives not to make complaints about District employees without having gone through the grievance process. After that, Plaintiff Ryan attempted to proceed forward by again talking about Dr. Whitfield, but his time expired. Plaintiff Ryan had one minute to speak, as did each of the more than 45 attendees of the public who registered for public comment. His time was not shorter than other speakers, although he attempted to violate the rules for public comments in Open Session.

16. At the time of Plaintiff Ryan's comments, ending at the time of his time limit, he noted that he had not been allowed to finish his presentation, but made no complaint to the Board about the District's policies and no request for additional time, or otherwise to raise objections to District policies.

FURTHER AFFIANT SAYETH NOT

_____
Paula Barbaroux, Chief Operations Officer
Grapevine-Colleyville Independent School District

SUBSCRIBED AND SWORN TO before me on the 23rd day of September 2021, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Texas

My commission expires: 4/13/23

1282301-v1/7613-001000



KIM E. HUTTO
My Notary ID # 7405211
Expires April 13, 2023