| | |
|---|---|
| **United States Constitution** | A district shall take no action abridging the freedom of speech or the right of the people to petition the board for redress of grievances. *U.S. Const. Amend. I, XIV* |
| | A board may confine its meetings to specified subject matter and may hold nonpublic sessions to transact business. When the board sits in public meetings to conduct public business and hear the views of citizens, it may not discriminate between speakers on the basis of the content of their speech or the message it conveys. <u>Rosenberger v. Rector & Visitors of Univ. of Virginia</u>, *515 U.S. 819, 828 (1995);* <u>City of Madison v. Wis. Emp. Rel. Comm'n</u>, *429 U.S. 167, 176 (1976);* <u>Pickering v. Bd. of Educ.</u>, *391 U.S. 563, 568 (1968)* |
| | A board may create a limited public forum for the purpose of hearing comments from the public so long as: |
| | 1. The board does not discriminate against speech on the basis of viewpoint; |
| | 2. Any restrictions are reasonable in light of the purpose served by the forum; and |
| | 3. The board provides alternative paths for expressing categories of protected speech that are excluded from the forum. |
| | <u>Fairchild v. Liberty Indep. Sch. Dist.</u>, *597 F.3d 747 (5th Cir. 2010)* |
| **Texas Constitution** | Citizens shall have the right, in a peaceable manner, to assemble together for their common good and to apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address, or remonstrance. *Tex. Const. Art. I, Sec. 27* |
| **Public Comment** | A board shall allow each member of the public who desires to address the board regarding an item on an agenda for an open meeting of the board to address the board regarding the item at the meeting before or during the board's consideration of the item. |
| Time Limits | A board may adopt reasonable rules regarding the public's right to address the board under these provisions, including rules that limit the total amount of time that a member of the public may address the board on a given item. |
| *Additional Time for Translation* | If a board does not use simultaneous translation equipment in a manner that allows the board to hear the translated public testimony simultaneously, a rule adopted that limits the amount of time that a member of the public may address the board must provide that a member of the public who addresses the board through a translator must be given at least twice the amount of time as a |



|  |  |
|---|---|
|  | member of the public who does not require the assistance of a translator in order to ensure that non-English speakers receive the same opportunity to address the board. |
| Public Criticism | A board may not prohibit public criticism of the board, including criticism of any act, omission, policy, procedure, program, or service. This does not apply to public criticism that is otherwise prohibited by law. |
|  | *Gov't Code 551.007* |
| **Disruption** | It is a criminal offense for a person, with intent to prevent or disrupt a lawful meeting, to substantially obstruct or interfere with the ordinary conduct of a meeting by physical action or verbal utterance and thereby curtail the exercise of others' First Amendment rights. *Penal Code 42.05; Morehead v. State, 807 S.W. 2d 577 (Tex. Cr. App. 1991)* |