UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MITCHELL RYAN,**

Plaintiff,

v. **No. 4:21-cv-1075-P**

**GRAPEVINE–COLLEYVILLE INDEPENDENT SCHOOL DISTRICT ET AL.,**

Defendants.

**ORDER**

Before the Court is Plaintiff Mitchell Ryan's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"), which is premised on the theory that the *current* Open Forum Policies ("current Forum Policies") at Grapevine–Colleyville Independent School District ("GCISD") violate the First Amendment and should be enjoined to prevent future violations. ECF No. 3. During the Motion's evidentiary hearing, however, GCISD made numerous, credible representations that the current Forum Policies would be replaced with a new Open Forum Policy ("proposed Forum Policy") at the regular board meeting scheduled for Monday, October 25, 2021. Thus, as explained below, the Court **DEFERS** ruling on the Motion.

On September 21, 2021, Plaintiff filed a Complaint and the instant Motion. *See* ECF Nos. 1–3. Following expedited briefing and oral argument, the Court denied the Motion as to the Temporary Restraining Order. *See* ECF No. 17. In its Order denying the Motion ("TRO Order"), the Court noted, amongst other things, its grave concerns regarding the current Forum Policies—concerns that have yet to be remedied—and scheduled a full evidentiary hearing on the Motion as to the Preliminary Injunction. *Id.*

Prior to that hearing, Defendants filed a Motion for a Continuance ("Continuance Motion") asserting—for the first time—that GCISD was

attempting to revise its current Forum Policies in an attempt to address the Court's concerns. *See* ECF No. 26. Although Defendants attached the proposed Forum Policy to the Motion, Defendants failed to submit any affidavits providing assurances that the proposed Forum Policy would, in fact, be adopted at the next regular board meeting. The Court therefore denied the Continuance Motion. *See* ECF No. 27.

At the evidentiary hearing, however, Defendants continued to represent that the current Forum Policies would be replaced by the proposed Forum Policy.[1] Because of the numerous, credible representations that the current Forum Policy will be changed at the next regular board meeting, the Court therefore defers ruling on the Motion as to the Preliminary Injunction.[2] In the Court's view, it would be imprudent to opine on the Motion when Defendants—through counsel and GCISD representatives—have continued to represent that the proposed Forum Policy will be enacted the same day the Court would issue its ruling. Instead, the Court concludes that it would be beneficial for all Parties, including the Court, to pause the proceedings until the proposed Forum Policy is enacted so that the Court can consider a final definitive policy, which necessarily includes any guidelines[3] used to explain the proposed Forum Policy.

---

[1]Defendants submitted the proposed Forum Policy to the Court as an exhibit. *See* ECF No. 29-10, at 22.

[2]The Court also notes that Plaintiff Mitchell Ryan failed to speak at the September 27, 2021 regular board meeting, which cuts against any assertion that the Motion must be adjudicated prior to the regular board meeting scheduled for October 25, 2021.

[3]In its TRO Order, the Court noted that it was unclear which policy or polices—including guidelines—were at issue. *See* ECF No. 17, at 2 n.2. Following the evidentiary hearing, the Court now understands that "guidelines"—e.g., the current Board Decorum Policy, ECF No. 29-4, at 11—are documents drafted to explain the "Forum Policies" to any citizen that may attend a GCISD Board Meeting. Thus, "guidelines" are derived from the "Forum Policies" and do not expand or alter the underlying "Forum Policy." Accordingly, the Court considers all current guidelines and current Forum Policies to be placed in issue since the Guidelines are merely explaining the requirements of the current Forum Policy.

While the Court is deferring its ruling on the Motion as to a Preliminary Injunction, the Court is compelled to add that based on witness testimony and other representations at the evidentiary hearing, Plaintiff Mitchell Ryan—and other citizens—should be confident that their speech will not arbitrarily be chilled at the next regular board meeting. To that end, Defendants repeatedly represented that citizens are free to voice support *or* criticism during the open forum portion of a regular board meeting.[4] Thus, because citizens are free to express either support or criticism in the open forum—even under the language of the current Forum Policy—the Court is confident that only those that attempt to cause disruptions and incivility will have their actions restrained. Of course, the Court is likewise confident that the citizens attending the next regular board meeting will lodge their comments—whether positive or negative—in a respectful and civil manner.

For the foregoing reasons, the Court **DEFERS** ruling on Plaintiff's Motion as to the Preliminary Injunction. The Court therefore **ORDERS** Defendants to submit a status report apprising the Court of the outcome of the vote on the proposed Forum Policy **on or before October 28, 2021**. This status report shall include the new Forum Policy as an attachment. Further, because the existing guidelines—which merely explain the current Forum Policy—will likely need to be revised, Defendants shall submit any revised guidelines that GCISD intends to promulgate before the regular November board meeting as soon as practicable. After reviewing the status report and its attachments, the

[4]During the evidentiary hearing, the Court sought clarification as to whether citizens can use specific names when commenting—whether it be support or criticism. Based on Defendants' clarification, the Court understands the current Forum Policies to bar specific names only when a citizen's comments are urging the Board to undertake an adverse action against that individual. Accordingly, Defendants represented that citizens, who are offering criticism without calling for an adverse action, can use a specific name, if so desired.

Court will direct the Parties as to how the Court intends to continue the present litigation.[5]

**SO ORDERED** on this **25th day** of **October, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

[5]The Court notes that should Plaintiff desire to file an amended complaint to include claims and/or seek injunctive relief arising out of the New Policy adopted by GCISD—and the subsequent Guidelines—the Court will freely grant leave to file an amended complaint.