# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| Mitchell Ryan<br><br>*Plaintiff*,<br><br>v.<br><br>Grapevine-Colleyville Independent School District and Jorge Rodriguez in his official capacity as GCISD School Board President<br><br>*Defendants*. | **VERIFIED FIRST AMENDED COMPLAINT**<br><br>Civil Action No. 4:21-cv-1075 |

Plaintiff Mitchell Ryan ("Ryan") brings this civil action against Defendants Grapevine-Colleyville Independent School District ("GCISD") and Jorge Rodriguez ("President Rodriguez") in his official capacity as GCISD School Board President, for nominal damages, actual damages, and injunctive relief, and alleges as follows:

## Introduction

1. This action seeks nominal damages, actual damages, and injunctive relief to remedy unconstitutional restrictions of Ryan's rights protected under the First Amendment.

2. Mitchell Ryan is a resident of GCISD. He has been vocal regarding the issue of critical theory in GCISD schools generally, and specifically regarding the efforts of

GCISD Colleyville Heritage High School Principal James Whitfield's efforts to promote critical theory.

3. The GCISD school board maintains an open public forum at its meetings for citizens, like Ryan, to address the board. Despite this generally open forum, GCISD has adopted and published speech content and viewpoint restrictions that have been applied against Ryan to prevent him from sharing his views on Principal Whitfield, district governance, and other issues. The District has revised its policies, but has used both the past set of restrictions and current set of restrictions to suppress Ryan's speech while allowing others to speak.

4. Evidence shows that the policies are enforced against Ryan in particular on account of his race, and because he has been a critic of district policies. Absent court intervention, Defendants will continue to enforce its unconstitutional restrictions against Ryan, causing an ongoing, irreparable injury to him under the First Amendment to the United States Constitution.

## Jurisdiction and Venue

5. This action arises under the First and Fourteenth Amendments to the United States Constitution and is brought pursuant to 42 U.S.C. § 1983.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because the Defendants reside in this district and a substantial part of the events giving rise to this claim occurred in this district.

## Parties

8. Plaintiff Mitchell Ryan is an individual who resides in Tarrant County, Texas. He is a resident and taxpayer of GCISD who regularly attends GCISD board meetings and comments during the open public forum portion of the meetings.

9. Defendant Grapevine-Colleyville Independent School District is an independent school district located in Tarrant County.

10. Defendant Jorge Rodriguez is the GCISD School Board President. Under the Board's policies, President Rodriguez is charged with presiding over GCISD board meetings and enforcing the board's policies with regard to the open public forum portion of the meeting. He is sued in his official capacity as GCISD School Board President.

11. Defendants have been, at all relevant times to this suit, acting under color of state law in taking the actions complained of herein.

## Statement of Facts

12. Grapevine-Colleyville Independent School District allows at least 30 minutes for citizens to address the board at its meetings during an open public forum. Citizens are allowed to address the board for no less than one minute and up to three minutes depending on the number of citizens who sign up to speak. Based on its allowance of speech from citizens on virtually any topic, GCISD has created a designated public forum.

13. GCISD has for many years maintained policies in its Board Policy Manual to govern public participation in its board meetings. Board Policy BED (Local) is based on model policies distributed by the Texas Association of School Boards ("TASB"). In this

suit, Ryan does not challenge the scope or enforcement of Board Policy BED (LOCAL). Instead, this suit concerns supplemental policies drafted and applied by GCISD without guidance from TASB.

14. At the July 26, 2021 GCISD Regular Board Meeting, two events occurred which prompted GCISD to supplement its existing Board Policies with unconstitutional speech restrictions. First, Former GCISD School Board President Stetson Clark called on the Board of Trustees to fire GCISD Colleyville Heritage High School Principal James Whitfield on account of Whitfield's alleged promotion of critical race theory at the high school. Rodriguez repeatedly gaveled and interrupted Clark, instructing him that he was not allowed to name and criticize Whitfield, and that only "kudos" of district employees were allowed. Second, Plaintiff Mitchell Ryan brought to the Board of Trustees' attention a book that was available to students in one of the District's middle school libraries that glorified sex acts by pre-pubescent children.

15. Following the July meeting, and concurrent with the District's August 23, 2021 Regular Board meeting, GCISD supplemented its existing Board Policies with additional content-based and viewpoint-based restrictions on citizen-speech during the open public forum period of GCISD meetings. The supplemental policy stated:

> Attacks of a personal nature against Board members, GCISD staff, students or other citizens will not be allowed or tolerated. Speakers must refrain from mentioning specific names of staff members during their comments.

16. Prior to the August meeting, the "Requests to Speak During Open Forum" form signed by citizens who sought to address the board of trustees stated: "We request

that persons speaking in open forum on items not on the agenda refrain from raising complaints against such individuals or personally identifying them in any way in their remarks unless it is pursuant to the District's grievance policies."

17. However, for the August meeting, this language was reworded from a request to a mandate. The language employed on the form for August stated: "Persons speaking in open forum may not raise complaints against individual employees or students, or personally identify them in any way in their remarks."

18. Ryan attended the Board's August 23, 2021 meeting and attempted to comment regarding Principal James Whitfield, principal of GCISD's Colleyville Heritage High School. During his comments, Ryan was interrupted repeatedly by GCISD School Board President Jorge Rodriguez and disallowed from continuing his comments regarding Principal Whitfield. Similarly, another woman was interrupted and reprimanded by Rodriguez when her comments simply criticized actions taken by "a district employee." However, at the same meeting, Rodriguez allowed a woman to mention Principal Whitfield's name three times while offering comments favorable to Principal Whitfield.

19. In a comment on Facebook, President Rodriguez explained that he had not applied the policy banning mentions of a district employee's name, as written, but had instead applied an unwritten policy banning mentions of a name when connected with a complaint about that individual. Rodriguez wrote:

> [M]entioning a name is not against the rules. Making a complaint about an individual by name or title is. I had to wait until he made a complaint to stop him. The same applies to the lady that mentioned the name of the principal three times. She was expressing support, and that was within the rules. I will

– 5 –

explain this again before the next Open Forum. Fortunately
62 out of 63 speakers played by the rules.

20. Rodriguez was motivated to silence Ryan because of his personal animosity against Ryan as well as on account of Ryan's race. Ryan is a white man while Rodriguez is Hispanic. Rodriguez has stated repeatedly that he does not respect Ryan's opinions on issues involving race, believes Ryan has "no idea what minorities go [through] in this country" and believes that Ryan is on a "witch hunt mission" to destroy GCISD. Ryan has been active in raising public attention on GCISD's agenda regarding critical race theory. Ryan and Rodriguez have also worked on the opposite side of local school board elections, with Rodriguez referring to Ryan as a "very tough opponent."

21. Following the filing of this lawsuit and an evidentiary hearing on a Motion for Preliminary Injunction, GCISD adopted revised speech prohibitions at its October 25, 2021 meeting that broadened the scope and topics of speech banned during the open public forum period of GCISD meetings. The new speech prohibitions state:

> "Attacks of a personal nature will not be allowed or tolerated against any individual. Attacks of a personal nature include comments impugning an identified person's integrity, honesty, character, immutable characteristics, or like personal qualities, accusations of criminal conduct, name calling, threats, fighting words, ridicule, mocking, or shaming."

22. The revised speech prohibitions also state: "The Public Comment period is not intended for the presentation of allegations of employee misconduct; requests for employee discipline; lodging personal attacks, shaming, or demeaning specific named

GCISD employees; or unnecessarily disclosing private information about GCISD employees or students."

23. Ryan attended the October 25, 2021 meeting and spoke during the open public forum period. When he attempted to encourage the board of trustees to not renew Principal Whitfield's contract, President Rodriguez loudly interrupted Ryan by gaveling him, and warned Ryan that he "know[s] the rules." Despite this reprimand of Ryan for calling for non-renewal of Principal Whitfield's contract during the October 25 meeting, GCISD allowed numerous other speakers to offer virtually identical comments calling for Whitfield's contract to be terminated at a special meeting on the matter held on November 8, 2021. At the November 8 meeting, GCISD was considering an agreed settlement with Whitfield and so it is possible the speakers were allowed to call for Whitfield's termination because the matter was nearly resolved at that juncture. Alternatively, this inconsistency may simply evidence President Rodriguez's animosity toward Ryan and use of the rules to silence Ryan while allowing similar comments from other speakers.

24. Ryan intends to attend future GCISD board meetings. Because of the District's revised speech prohibitions, Ryan will be forced to limit his comments to the board of trustees. Moreover, based on the District's pattern of behavior and President Rodriguez's personal animosity toward him, Ryan expects that the rules will be unfairly applied to limit his speech when such rules are not routinely applied to limit the speech of other individuals.

25. Ryan suffered an irreparable injury at the August GCISD board meeting and will suffer an irreparable injury at upcoming meetings absent court intervention.

## Count I
## 42 U.S.C. §§ 1983, 1988
## Violation of Ryan's First Amendment Rights at the August Meeting

26. Ryan repeats and re-alleges each of the foregoing allegations in this Verified First Amended Complaint.

27. The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech, or of the press." U.S. CONST. amend. I. "[T]he First Amendment is applicable to the States through the Fourteenth [Amendment.]" *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 778 (1978).

28. In this case, GCISD has created a designated public forum during the open public forum period of its meetings for the public to share their views with the GCISD board of trustees. Accordingly, Ryan had a First-Amended-protected right to share his views during the forum. However, Ryan's speech was cut off by President Rodriguez, both through the application of the District's content-based speech prohibitions, as well as through Rodriguez's personal targeting of Ryan on account of Rodriguez's personal animosity toward Ryan.

29. "In the First Amendment context" the Supreme Court "recognizes 'a . . . type of facial challenge,' whereby a law may be invalidated as overbroad if 'a *substantial number* of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *U.S. v. Stevens*, 559 U.S. 460, 473 (2010), *citing Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 n.6 (2008) (emphasis

added). Here the policies in place during GCISD's August board meeting "create[d] a [] prohibition of alarming breadth." *Stevens*, 559 U.S. at 474. The policies prohibited certain speech content, most basically the mentioning of employee names, but also "attacks of a personal nature" against employees, GCISD board members themselves, as well as others in the community. Lacking a definition of "attacks of a personal nature," the prohibition swept broadly to prohibit any speech regarding any person that President Rodriguez found objectionable.

30. The prohibition against Ryan speaking on certain topics to the board, including the names of district officials, was a content-based speech restriction and is presumptively unconstitutional under the Supreme Court's precedent in *Reed v. Town of Gilbert*, 576 U.S. 155 (2015). There are no legitimate applications of the policy, the policy's sweep is plainly illegitimate, and therefore a facial challenge is appropriate.

31. The speech prohibitions were also unconstitutional as applied to Ryan in that they were used by President Rodriguez to target Ryan and to silence his speech based on President Rodriguez's personal animosity toward Ryan.

32. Moreover, President Rodriguez's application of the speech prohibitions to prohibit criticism, but not praise, of district employees is an example of viewpoint discrimination. Viewpoint discrimination is "a more blatant and egregious form of content discrimination." *Id.* at 168. Disallowing Ryan's comments critical of Principal Whitfield while refusing to enforce the District's speech prohibitions as written against speakers who mentioned Principal Whitfield's name but spoke in favor of him was a further violation of Ryan's First Amendment rights.

33. Defendants had no compelling interest in prohibiting citizens from including the names of district employees in the content of their speech during the open public forum portion of GCISD meetings, or prohibiting criticism of district employees, or suppressing Ryan's speech in particular, or otherwise restricting the content of citizens' speech in any way during that portion of the meeting.

34. Defendants have imposed unconstitutional content-based and viewpoint-motivated speech restrictions while acting under color of state law. As a direct and proximate consequence of the Defendants' actions, Ryan has suffered an injury and is entitled to nominal and compensatory damages based on Defendants' violations of Ryan's rights at the August board meeting.

35. Ryan is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## Count II
## 42 U.S.C. §§ 1983, 1988
## Ongoing Violation of Ryan's First Amendment Rights Under Revised Speech Prohibitions

36. Ryan repeats and re-alleges each of the foregoing allegations in this Verified First Amended Complaint.

37. After the filing of this lawsuit, Defendants have revised their speech prohibitions applied to citizens during the open public forum period of GCISD board meetings. These revised speech prohibitions violate the First Amendment for the same reasons that the policies in place during the August board meeting violated the First Amendment. Instead of repealing the existing policies prohibiting personal attacks or complaints about District employees, Defendants have substantially broadened it.

38. The revised speech prohibitions now prohibit "impugning an identified person's integrity, honesty, character, immutable characteristics, or like personal qualities, accusations of criminal conduct, name calling, threats, fighting words, ridicule, mocking, or shaming." While prohibitions against "threats" and "fighting words" might sometimes be permissible as describing speech outside the protection of the First Amendment, these prohibitions are unconstitutionally vague and undefined, and therefore can potentially be used to prohibit speech permissible under the First Amendment. The other elements of the policy clearly prohibit protected speech. Indeed, under the plain language of the policy, the policy would appear to prohibit a citizen from saying: "President Rodriguez, you should be ashamed of yourself." This is but one example of the unconstitutional breadth of the prohibitions.

39. More alarmingly, the policy appears to prohibit citizens from bringing criminal conduct to the attention of the board of trustees during the open public forum period. This could have alarming consequences, as has been witnessed in other states where citizens have been arrested for attempting to confront school officials over crimes committed at school against their children.

40. Likewise, the new policy appears to also prohibit "allegations of employee misconduct; requests for employee discipline" . . . "demeaning specific named GCISD employees," and "unnecessarily disclosing private information about GCISD employees or students."

41. These revised speech prohibitions are unconstitutionally overbroad. They prohibit citizens, like Ryan, from calling for a school official like Principal Whitfield to be

fired or even from bringing their complaints about these officials' performance to the attention of district trustees. Indeed, the revised speech prohibitions were apparently applied against Ryan during the October 25, 2021 GCISD board meeting, although comments calling for the termination of Principal Whitfield's contract were tolerated in a subsequent meeting. These revised speech prohibitions are also unconstitutionally vague. They prohibit comments that are "demeaning" as well as comments that "unnecessarily disclose" private information. There is simply no touchstone as to what type of comments would be construed as "demeaning" or what kind of disclosure of "private information" would be determined to be unnecessary.

42. Defendants have no compelling interest in imposing content and viewpoint-based speech prohibitions on citizens during its open public forum period.

43. Defendants are imposing unconstitutional content-based and viewpoint-based speech restrictions while acting under color of state law. If the revised speech prohibitions continue to be enforced at GCISD board meetings, Ryan will continue to suffer irreparable injury at each meeting where he is prohibited from freely sharing his views during the open public forum period. Ryan is entitled to a preliminary and permanent injunction prohibiting Defendants from enforcing the revised speech prohibitions against him.

44. Ryan is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## Prayer for Relief

WHEREFORE, Plaintiff Mitchell Ryan respectfully requests this Court enter judgment in his favor and against Defendants and provide the following relief:

A. Preliminary and permanent injunctive relief pursuant to 42 U.S.C. § 1983 against the enforcement of GCISD's revised content-based and viewpoint-based speech prohibitions during the District's open public forum period;

B. Nominal damages on account of Defendants' past violations of Ryan's First Amendment Rights;

C. Compensatory damages on account of Defendants' past violations of Ryan's First Amendment Rights;

D. Ryan's reasonable costs and expenses of this action, including attorneys' fees, in accordance with 42 U.S.C. § 1988 and all other applicable laws; and

E. Any and all other further relief to which Ryan may be justly entitled.

Respectfully submitted,

**THE LAW OFFICES OF TONY MCDONALD**

By: /s/ Tony McDonald

Tony McDonald
State Bar No. 24083477
tony@tonymcdonald.com
Garrett McMillan
State Bar No. 24116747
garrett@tonymcdonald.com
1501 Leander Dr., Ste. B2
Leander, TX 78641
(512) 200-3608 (Tel)
(815) 550-1292 (Fax)
*Counsel for Plaintiff*