IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MITCHELL RYAN                                      §
                                                   §
    Plaintiff,                                     §
                                                   §
VS.                                                §    CIVIL ACTION NO. 4:21-CV-01075-P
                                                   §
GRAPEVINE COLLEYVILLE                              §
INDEPENDENT SCHOOL                                §
DISTRICT and CASEY FORD                           §
in his official capacity as GCISD                 §
School Board President                            §
                                                   §
    Defendants.                                    §

## AGREED JURY INSTRUCTIONS AND VERDICT FORM

Pursuant to the Court's December 12, 2021 Scheduling Order, Plaintiff Mitchell Ryan (Plaintiff) and Defendants Grapevine Colleyville Independent School District and Casey Ford in his official capacity as GCISD School Board President (collectively, the District) submit the following agreed jury instructions and verdict form.

/s/_____
Joseph F. Cleveland, Jr.
State Bar No. 04378900
Sarah S. Flournoy
State Bar No. 24036575

BRACKETT & ELLIS P.C.
100 Main Street
Fort Worth, Texas 76102-3090
Telephone: (817) 338-1700
Facsimile: (817) 870-2265

ATTORNEYS FOR DEFENDANTS

/s/_____
Tony McDonald
Texas State Bar No. 24083477
tony@tonymcdonald.com
Garrett McMillan
State Bar No. 24116747
garrett@tonymcdonald.com

1501 Leander Dr., Ste. B2
Leander, TX 78641
(512) 200-3608 (Tel)
(815) 550-1292 (Fax)

ATTORNEYS FOR PLAINTIFF


## Certificate of Service

I certify that on March 6, 2023, I electronically submitted the forgoing document with the Clerk of the Court for the U.S. District Court for the Northern District of Texas, using the CM/ECF system of the Court. The electronic case filing system sent "Notice of Electronic Filing" to individuals who have consented in writing to accept this notice of service by electronic means. I also certify that I provided a copy of the foregoing document to counsel for Defendants by electronic mail:

Joseph F. Cleveland, Jr.
jcleveland@belaw.com
Sarah S. Flournoy
sflournoy@belaw.com
BRACKETT & ELLIS P.C.
100 Main Street
Fort Worth, Texas 76102-3090

/s/ Tony K McDonald
Tony K McDonald
*Counsel for Plaintiff*

1519197-v1/11027-021000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MITCHELL RYAN | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-01075-P |
| | § | |
| GRAPEVINE COLLEYVILLE | § | |
| INDEPENDENT SCHOOL | § | |
| DISTRICT and CASEY FORD | § | |
| in his official capacity as GCISD | § | |
| School Board President | § | |
| | § | |
|   Defendants. | § | |

**<u>AGREED CHARGE</u>**

<u>INSTRUCTION NO. 1</u>— *Jury Charge*

MEMBERS OF THE JURY:

  It is my duty and responsibility to instruct you on the law you are to apply in this case.  The law contained in these instructions is the only law you may follow.  It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

  If I have given you the impression during the trial that I favor either party, you must disregard that impression.  If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression.  You are the sole judges of the facts of this case.  Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

  You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

  The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence.  The statements of counsel are not evidence; they are only arguments.  It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest.  What the lawyers say or do is not evidence.  You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments.  You must determine the facts from all the testimony that you have heard and other evidence submitted.  You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

1

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendants in arriving at your verdict.[1]

INSTRUCTION NO. 2—*Burden of Proof: Preponderance of the Evidence*

In these instructions, I will refer to Plaintiff Mitchell Ryan as Plaintiff. I will refer to Defendant Grapevine-Colleyville Independent School District as the District. And I will refer to the district's board president as the Board President. Collectively, I will refer to the District and the Board President as the Defendants.

In this case, Plaintiff sued the District for an alleged violation of his constitutional right to free speech.[2] Plaintiff has the burden of proving his case by a preponderance of the evidence. In some instances, the burden may shift to the District to prove certain elements of the case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff failed to prove any element of his claims by a preponderance of the evidence, then he may not recover on that claim.[3]

INSTRUCTION NO. 3—*No Inference from Filing Suit*

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.[4]

INSTRUCTION NO. 4—*Bias*

Do not let bias, prejudice or sympathy play any part in your deliberations. A school district and all other persons are equal before the law and must be treated as equals in a court of justice.[5]

INSTRUCTION NO. 5—*Evidence*

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.

---

[1] Fifth Circuit Jury Instructions (Civil Cases) at 3.1.
[2] Doc. 39 at PageID 572-576, ¶¶ 26-44.
[3] Fifth Circuit Jury Instructions (Civil Cases) at 3.2.
[4] Fifth Circuit Jury Instructions (Civil Cases) at 3.6.
[5] Fifth Circuit Jury Instructions (Civil Cases) at 2.16 (modified).

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[6]

INSTRUCTION NO. 6—*Witnesses*

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all the other evidence, you believe that witness.[7]

INSTRUCTION NO. 7—*Stipulations of Fact*

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.[8]

INSTRUCTION NO. 8—*Transcript of Recorded Conversation*

A typewritten transcript of verbal statements made which can be heard on a recording received in evidence [as Exhibit ———] was shown to you. The transcript identifies the speakers. I have admitted the transcript [as Exhibit ———] for the limited and secondary purpose of aiding you in following the content of the statements as you listen to the recording, and also to aid you in identifying the speakers. You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the statements or the identity of the speakers is entirely for you to determine, based on your evaluation of the testimony you have heard about the preparation of the transcript and on your own examination of the transcript in relation to your hearing of the recording itself as the primary evidence of its own contents. If you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.[9]

---

[6] Fifth Circuit Jury Instructions (Civil Cases) at 3.3.
[7] Fifth Circuit Jury Instructions (Civil Cases) at 3.4.
[8] Fifth Circuit Jury Instructions (Civil Cases) at 2.3.
[9] Fifth Circuit Jury Instructions (Civil Cases) at 2.14 (modified).

INSTRUCTION NO. 9—*Plaintiff's "As Applied" Challenge under Section 1983*[10]

The Plaintiff is suing the District under 42 United States Code Section 1983. Section 1983 is a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.[11]

To prevail on the Plaintiff's § 1983 claim against the District alleging a violation of his constitutional rights by the Board President at the August 23, 2021 board meeting, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The Board President acted under color of state law;

2. The acts of the Board President deprived the Plaintiff of his particular rights under the United States Constitution as explained in later instructions;

3. **[Defendants' proposal: The Board President had final policymaking authority from the District concerning these acts]**[12]**;**

4. **[Defendants' proposal: When the Board President engaged in these acts, he was acting as a final policymaker for the District];**[13] and

5. The acts of the Board President proximately caused the deprivation of the Plaintiff's rights[14]

**[Defendants' proposal:  I instruct you that the Board President had final policy making authority from the District concerning the acts at issue and, therefore, the third element requires no proof."**[15]**]**

PLAINTIFF'S OBJECTION: Plaintiff objects to elements 3 and 4 because these elements draw on *Monell* liability, which is inapplicable here. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978). Moreover, whether an official is a policymaker for *Monell* purposes is a question of state law for the court, rather than the jury, to decide. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

---

[10] In the Fifth Circuit Jury Instructions (Civil Cases), the Committee noted that "[t]he body of law dedicated to 42 U.S.C. § 1983 is immense . . ." and that "[s]mall factual differences can dramatically affect the legal standards and jury instructions that apply in a case." *Id.* at 10.  The Committee also explained that "[d]ue to the variety of potential claims and standards, [it] elected to provide examples based on claims that most frequently arise." *Id.* The Committee provided no jury instructions for this type of case. *Id.*
[11] Ninth Circuit Manual of Model Jury Instructions at 9.1 (modified) (citing 42 U.S.C. § 1983).
[12] Ninth Circuit Manual of Model Jury Instructions at 9.6 (modified).
[13] Ninth Circuit Manual of Model Jury Instructions at 9.6 (modified).
[14] Ninth Circuit Manual of Model Jury Instructions at 9.6 (modified); *see also Cnty. of Los Angeles, Calif. v. Mendez*, 581 U.S. 420, 432 (2017); *Meador v. Apple, Inc*., 911 F.3d 260, 264 (5th Cir. 2018); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996); *Stevenson v. Koskey*, 877 F.2d 1435, 1439 (9th Cir. 1989).
[15] Ninth Circuit Manual of Model Jury Instructions at 9.6 (modified).

DEFENDANT'S RESPONSE:  Section 1983 liability of a local governing body, such as a school district, may not be based on *respondeat superior*.  *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).  Although an official is a policymaker for *Monell* purposes is a question of state law for the court to decide, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988), that concern is addressed by Defendants' requested instruction.

***

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.[16] The parties stipulate that the Board President was acting under color of state law at the August 23, 2021 board meeting. **[This stipulation is pending Defendants' approval in the pre-trial order.]**

"Proximate cause' means an affirmative act which directly resulted in the Plaintiff being deprived of his constitutional right to free speech and was a substantial factor in bringing about the alleged injury which would not have otherwise occurred.[17]

<u>Constitutional Right of Free Speech</u>

"Under the First Amendment, a citizen has the right to free expression."[18] "To establish the District deprived the Plaintiff of his First Amendment right, the Plaintiff must prove the following **[Defendants' proposal: additional elements[19]]** by a preponderance of the evidence"[20]:

1.  The Plaintiff's "speech is protected by the First Amendment";[21]

2.  **[Defendants' proposal: "The nature of the forum" involved was a "designated public forum";[22]]** and

3.  **[Plaintiff's proposal: The defendants' actions stopped the plaintiff from speaking.[23]] [Defendants' proposal: The District's "time, place, and manner" restrictions do not "satisfy the [required] standard."[24]].**

PLAINTIFF'S OBJECTION: Plaintiff objects to elements two and three because Plaintiff should prevail on his as-applied challenge regardless of the type of forum if he can prove the District engaged in viewpoint discrimination or content-based discrimination. *See Rosenberger v.*

---

[16] Ninth Circuit Manual of Model Jury Instructions at 9.6.

[17] Ninth Circuit Manual of Model Jury Instructions at 9.6 (modified); *see also Cnty. of Los Angeles, Calif. v. Mendez*, 581 U.S. 420, 432 (2017); *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996); *Stevenson v. Koskey*, 877 F.2d 1435, 1439 (9th Cir. 1989).

[18] U.S. Const. amend. I; Ninth Circuit Manual of Model Jury Instructions at 9.11 (modified).

[19] Ninth Circuit Manual of Model Jury Instructions at 9.11 (modified).

[20] Ninth Circuit Manual of Model Jury Instructions at 9.11 (modified).

[21] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 797 (1985).

[22] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 797 (1985).

[23] Manual of Model Civil Jury Instructions, Ninth Circuit 2017, §9.11 (as modified).

[24] *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 469 (2009); *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 797 (1985); *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 761 (5th Cir. 2010).

*Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 829 (1995); *Reed v. Town of Gilbert*, 576 U.S. 155, 177 (2015) (announcing a "clear and firm rule" regarding content-discrimination). Moreover, in order to prevail, Plaintiff must only show that he was engaged in protected speech and that such speech was stopped by the Defendants.

DEFENDANT'S RESPONSE:  It is axiomatic that a plaintiff can prevail on his as-applied challenge regardless of the type of forum if he or she can prove the governmental authority engaged in viewpoint discrimination.  *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 829 (1995) ("forbidding the State to exercise viewpoint discrimination, even when the limited public forum is one of its own creation").  This nuance, however, is addressed in later instructions and in the conditional language in the jury verdict form.

Nevertheless, "protected speech is not equally permissible in all places at all times." *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 799 (1985). "When government creates . . . a limited public forum for private speech[,]" . . . some content- and speaker-based restrictions may be allowed."[25]   The District "may impose some content-based restrictions on speech in [limited public] forums."[26] The District's school board meetings are subject to the Texas Open Meetings Act.[27] This law is "a constitutional, content-neutral time, place, or manner restriction on an individual's First Amendment right."[28] For example, "[a] speaker may be excluded from a [limited public] forum if he wishes to address a topic not encompassed within the purpose of the forum."[29] In a limited public forum, restrictions on speech based on content "may be permissible if it preserves the purposes of that limited forum."[30]   The District's "decision to restrict [speech] [in] a [limited public] forum need only be *reasonable;* it need not be the most reasonable or the only reasonable limitation."[31]   Therefore, instruction no. 2 is critical to explain to the jury that the forum analysis is an essential element of Plaintiff's Section 1983 claim.

Defendants object to Plaintiff's proposed instruction in element no. 3 above.  Whether the Board President's actions "stopped" the Plaintiff's protected activity is an incorrect legal standard.  The correct standard is whether the Board President's actions "deprived" the Plaintiff of particular rights under the United States Constitution.  *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 120 (1992) (holding that "Section 1983 provides a remedy against 'any person' who, under color of state law, *deprives* another of rights protected by the Constitution") (emphasis added); Ninth Circuit Manual of Model Jury Instructions at 9.16(2) ("the act[s] of [name of final policymaker] *deprived* the plaintiff of [his] [her] particular rights under [the laws of the United States Constitution] as explained in later instructions") (emphasis added).

---

[25] *Matal v. Tam*, 582 U.S. 218, 243, 137 S. Ct. 1744, 1763, 198 L. Ed. 2d 366 (2017).

[26] *Minnesota Voters All. v. Mansky*, 138 S. Ct. 1876, 1885 (2018).

[27] *Thomas v. Beaumont Heritage Soc.*, 339 S.W.3d 893, 900 (Tex. App.—Beaumont 2011, pet. denied) (citing Tex. Gov't Code § 551.001(3)(E)); *Point Isabel Indep. Sch. Dist. v. Hinojosa*, 797 S.W.2d 176, 179 (Tex. App.—Corpus Christi–Edinburg 1990, writ denied).

[28] *Stratta v. Roe*, 961 F.3d 340, 361 (5th Cir. 2020).

[29] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 806 (1985).

[30] *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 829–30 (1995); *Fairchild v. Liberty Indep. Sch. Dist.,* 597 F.3d 747, 758 (5th Cir. 2010).

[31] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 808 (1985).

***

<u>Speech Protected by the First Amendment</u>

"The Constitution does not grant to members of the public generally a right to be heard by public bodies making decisions of policy."[32]  And the "First Amendment does not impose any affirmative obligation on the government to listen [or] . . . respond."[33]  The First Amendment only prohibits the government from "making any law abridging the freedom of speech."[34]

<u>The Nature of the Forum</u>

To apply the correct standard, you must first determine type of forum the District intended to create at its school board meetings. Forums are government-controlled spaces or property.[35] There are three different types of public forums the government can create on property it owns: (1) a "traditional public forum," (2) a "designated public forum," and (3) a **[Plaintiff's proposal: "nonpublic forum"[36]] [Defendants' proposal: "limited public forum."[37]].**

PLAINTIFF'S OBJECTION: Plaintiff objects to the use of the term "limited forum" and asserts the Supreme Court has clarified that the proper term is "nonpublic forum." *See Minn. Voters All. v. Mansky*, 138 S. Ct. 1876, 1885 (2018) ("Generally speaking, our cases recognize three types of government-controlled spaces: traditional public forums, designated public forums, and nonpublic forums.").

DEFENDANT'S RESPONSE: According to the Fifth Circuit, "[t]here are two broad categories of forums: (1) traditional and designated public forums and (2) limited public forums and nonpublic forums." *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 426 (5th Cir. 2020); *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 758 (5th Cir. 2010) (using the phrase "limited public forum"). Post-*Mansky*, the Fifth Circuit continues to use the term "limited public forum." *See, e.g., Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 835 (5th Cir. 2023); *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 426 (5th Cir. 2020); *Robinson v. Hunt Cnty., Texas*, 921 F.3d 440, 448 (5th Cir. 2019).  Finally, using the phrase "nonpublic forum" would be confusing to the jury since the public is invited to attend school board meetings. Jury instructions must be crafted so as "not likely to confuse or mislead the jury." *Scheib v. Williams-McWilliams Co., Inc.*, 628 F.2d 509, 511 (5th Cir. 1980).

***

---

[32] *Minnesota State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271, 283 (1984).

[33] *Smith v. Arkansas State Highway Emp., Loc. 1315*, 441 U.S. 463, 465 (1979).

[34] U.S. Const. amend. I.

[35]*Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 801 (1985); *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 344 (5th Cir. 2001).

[36] *Minn. Voters All. v. Mansky*, 138 S. Ct. 1876, 1885 (2018).

[37] *Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the L. v. Martinez*, 561 U.S. 661, 679 n.11(2010); *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 346 (5th Cir. 2001).

"*Traditional public forums* are places such as sidewalks, streets, and parks that traditionally have been [used] for assembly, . . . debate" or for "general discussion" and where individuals may speak their minds and say what they think on any topic.[38]  This type of forum has historically "been held in trust for the use of the public . . . for purposes of assembly, communicating thoughts between citizens, and discussing public questions."[39]

*Designated public forums* are places that the government has designated for the same widespread use as traditional public forums."[40] **[Defendants' proposal: They are places the government "purposefully" "creates by government designation for use by the public at large for assembly" and to allow for "public discourse" where individuals can speak their minds and say what they think on any topic.[41]]** "[A] government entity may create a designated public forum if government property that has not traditionally been regarded as a public forum is intentionally opened up for that purpose."[42] Examples of a designated public forum are a public library or a municipal auditorium.[43]

PLAINTIFF'S OBJECTION: Plaintiff objects to Defendant's proposed language as redundant and accordingly has elevated agreed-to language later in the paragraph to the lead sentence.

DEFENDANT'S RESPONSE: One of the key issues the jury will be asked to decide is whether based on its "policy and practice," the District "purposefully" "intended to designate a place . . . as a public forum" "to facilitate discussion or debate" and where individuals can engage in "general debate," "the free exchange of ideas," and "general communication." *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 802, 811 (1985); *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 758 (5th Cir. 2010); *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 348 (5th Cir. 2001); *Doe v. Santa Fe Indep. Sch. Dist.*, 168 F.3d 806, 819 (5th Cir. 1999), *aff'd*, 530 U.S. 290 (2000). Without this explanation and guidance, a jury will likely be confused regarding what is intended by "that purpose." "Jurors are not experts in legal principles; to function effectively, and justly, they must be accurately instructed in the law." *Carter v. Ky.*, 450 U.S. 288, 302 (1981).  Accordingly, jury instructions must be "comprehensive, balanced, fundamentally accurate, and not likely to confuse or mislead the jury." *Scheib v. Williams-McWilliams Co., Inc.*, 628 F.2d 509, 511 (5th Cir. 1980).  Failing to provide detailed instructions could lead to reversible error as the Fifth Circuit could conclude that the charge as a whole creates "substantial and ineradicable doubt whether the jury has been properly guided in its deliberation."  *Taita Chem.*

---

[38] *Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the L. v. Martinez*, 561 U.S. 661, 679 (2010); *Lamb's Chapel v. Ctr. Moriches Union Free Sch. Dist.*, 508 U.S. 384, 392 (1993); *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 426 (5th Cir. 2020); *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 758 (5th Cir. 2010).

[39] *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 344 (5th Cir. 2001).

[40] *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 426 (5th Cir. 2020); *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 758 (5th Cir. 2010).

[41] *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 469 (2009); *Ark. Educ. Television Comm'n v. Forbes*, 523 U.S. 666, 677 (1998); *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 426 (5th Cir. 2020); *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 346-47 (5th Cir. 2001).

[42] *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 469 (2009).

[43] *Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 555 (1975); *Three Expo Events, L.L.C. v. City of Dallas, Texas*, 182 F. Supp. 3d 614, 624 (N.D. Tex. 2016).

*Co. v. Westlake Styrene, LP*, 351 F.3d 663, 667 (5th Cir. 2003); *see Castellano v. Fragozo*, 352 F.3d 939, 953, n.86 (5th Cir. 2003) (en banc) (reversing and remanding for new trial where "the jury was charged contrary to the law of the case").

\*\*\*

**[Plaintiff's proposal: *Nonpublic forums*] [Defendants' proposal: *Limited public forums*]** are spaces that are not by tradition or designation a forum for public communication."[44] **[Defendants' proposal: "*Limited public forums*—as the name suggests—provide for public expression of particular kinds or by particular groups."[45]** In **[Plaintiff's proposal: non-public forums] [Defendants' proposal: limited public forums],** the government has much more flexibility to craft rules limiting speech.[46] **[Defendants' proposal: A limited public forum is where the government opens government property for limited "use by certain groups or dedicated solely to the discussion of certain subjects,"** such as a polling place or a courthouse.[47]] **[Plaintiff's proposal: The government may reserve such a forum for its intended purposes, communicative or otherwise, and includes places** such as a polling place or a courthouse.[48]]

PLAINTIFF'S OBJECTION: Plaintiff objects to the use of the term "limited forum" and asserts the Supreme Court has clarified that the proper term is "nonpublic forum." *See Minn. Voters All. v. Mansky*, 138 S. Ct. 1876, 1885 (2018) ("Generally speaking, our cases recognize three types of government-controlled spaces: traditional public forums, designated public forums, and nonpublic forums."). Plaintiff draws from the Supreme Court's description of a nonpublic forum.

DEFENDANT'S RESPONSE:  According to the Fifth Circuit, "[t]here are two broad categories of forums: (1) traditional and designated public forums and (2) limited public forums and nonpublic forums." *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 426 (5th Cir. 2020); *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 758 (5th Cir. 2010) (using the phrase "limited public forum").  Post-*Mansky*, the Fifth Circuit continues to use the term "limited public forum." *See, e.g., Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 835 (5th Cir. 2023); *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 426 (5th Cir. 2020); *Robinson v. Hunt Cnty., Texas*, 921 F.3d 440, 448 (5th Cir. 2019).  Finally, using the phrase "nonpublic forum" would be confusing to the jury since the public is invited to attend school board meetings. Jury instructions must be crafted so as "not likely to confuse or mislead the jury." *Scheib v. Williams-McWilliams Co., Inc.*, 628 F.2d 509, 511 (5th Cir. 1980).

\*\*\*

---

[44] *Minn. Voters All. v. Mansky*, 138 S. Ct. 1876, 1885 (2018) (citing *Perry Ed. Assn. v. Perry Local Educators' Assn.*, 460 U. S. 37, 46 (1983)).
[45] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 758 (5th Cir. 2010).
[46] *Minnesota Voters All. v. Mansky*, 138 S. Ct. 1876, 1885 (2018).
[47] *Minnesota Voters All. v. Mansky*, 138 S. Ct. 1876, 1886 (2018); *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 470 (2009).
[48] *Id.*

"[P]rotected speech is not equally permissible in all places at all times."[49] "Nothing in the Constitution requires the Government freely to grant access to all who wish to exercise their right to free speech on every type of Government property without regard to the nature of the property or to the disruption that might be caused by the speaker's activities."[50]  "[T]he First Amendment does not guarantee access to property simply because it is owned or controlled by the government."[51]  In other words, "the Government's ownership of property does not automatically open that property to the public."[52]

**[Defendants' proposal: "The Government, as an employer, must have wide discretion and control over the management of its personnel and internal affairs."[53] "Government has the right to exercise control over access to the . . . workplace in order to avoid interruptions to the performance of the duties of its employees."[54]]**

**[Defendants' proposal:  The law also requires that an employer "take remedial action when the employer [knows] . . . that a . . . third-party is harass[ing] an employee because of that employee's protected trait," such as race, color, religion, sex, age, national origin or other immutable characteristics. [55]  Immutable characteristics are those determined solely by the accident of birth, such as sex, race, and national origin.[56] "Discriminatory verbal intimidation, ridicule, and insults may be sufficiently severe or pervasive" to support an employee's claim of a "hostile work environment" if no remedial action is taken by the employer.[57]**

**[Defendants' proposal: In the school context, Texas law "confers on a school board the power to exercise judgment and discretion in managing its district by granting it the exclusive power and duty to govern and oversee the management of the district schools."[58] "School boards [also] have Texas Constitutional authority to provide their employees the opportunity to present grievances for board consideration."[59] The District was "compelled by [law] to have an employee grievance process in place at the time of the events in controversy."[60] During the grievance process, school boards have the "power to hear and determine or to ascertain facts and decide."[61] "A school board issues binding orders and**

---

[49] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 799 (1985).

[50] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.,* 473 U.S. 788, 799–800 (1985); *Freedom From Religion Found. v. Abbott,* 955 F.3d 417, 426 (5th Cir. 2020); *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 347 (5th Cir. 2001).

[51] *Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 46 (1983).

[52] *United States v. Kokinda*, 497 U.S. 720, 725 (1990).

[53] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.,* 473 U.S. 788, 805 (1985).

[54] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.,* 473 U.S. 788, 806 (1985).

[55] Fifth Circuit Jury Instructions (Civil Cases) at 11.4(B), ¶ 3.

[56] *Frontiero v. Richardson*, 411 U.S. 677, 686 (1973).

[57] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 347 (5th Cir. 2007).

[58] *Alejandro v. Bell*, 84 S.W.3d 383, 391 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.).

[59] *Hernandez v. Hayes*, 931 S.W.2d 648, 652 (Tex. App.—San Antonio 1996, writ denied).

[60] *Hernandez v. Hayes*, 931 S.W.2d 648, 652 (Tex. App.—San Antonio 1996, writ denied).

[61] *Alejandro v. Bell*, 84 S.W.3d 383, 391 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.); *Hernandez v. Hayes*, 931 S.W.2d 648, 652 (Tex. App.—San Antonio 1996, writ denied.

judgments in every grievance hearing over which it presides."[62] "The orders of the Board are binding, and are appealable to the Commissioner of Education, just as a District Court's Final Order is appealable to the Court of Appeals."[63]]

[Defendants' proposal: In that sense, "a school board grievance process hearing" is like a "[a] quasi-judicial proceeding" where the school board "exercise[s] quasi-judicial powers."[64] "[S]chool boards have the power to compel the attendance of employee witnesses for questioning in any manner."[65] "School boards routinely hear the litigation of issues in grievance and termination proceedings."[66] "School boards commonly take action which affects employees' property rights in their contracts."[67] "When an employee's property right is taken away or diminished, the employee may invoke the grievance procedure for a hearing on the matter."[68] "Finally, school boards are the final authority in governing the schools in its district, including decisions concerning finances, grievances, and personnel matters."[69] And it has the "power to enforce [its] decisions and impose penalties."[70]]

[Defendants' proposal: The District's school board meetings are also governed by the Texas Open Meetings Act.[71] This law "is designed to protect the public by making open meetings, including notice of what will be discussed at the meetings . . . ."[72] Under this law, "[a] governmental body, such as the Board, must give written notice before each meeting."[73] "If, at a meeting . . . a member of the public . . . inquiries about a subject for which notice has not been given . . . any deliberation of or decision about the subject of the [inquiry] must be limited to a proposal to place the subject on the agenda for a subsequent meeting."[74] This law "does not require [school boards] to conduct an open meeting to deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public . . . employee . . . [unless] the . . . employee who is the subject of the deliberation or hearing requests a public hearing."[75]]

---

[62] *Hernandez v. Hayes*, 931 S.W.2d 648, 652 (Tex. App.—San Antonio 1996, writ denied).

[63] *Alejandro v. Bell*, 84 S.W.3d 383, 391 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (citing TEX. EDUC. CODE §§ 7.057, 21.301 (Vernon Supp.2002)). ; *Hernandez v. Hayes*, 931 S.W.2d 648, 652 (Tex. App.—San Antonio 1996, writ denied).

[64] *Alejandro v. Bell*, 84 S.W.3d 383, 391 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.); *Hernandez v. Hayes*, 931 S.W.2d 648, 652 (Tex. App.—San Antonio 1996, writ denied).

[65] *Alejandro v. Bell*, 84 S.W.3d 383, 391 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.); *Hernandez v. Hayes*, 931 S.W.2d 648, 652 (Tex. App.—San Antonio 1996, writ denied).

[66] *Alejandro v. Bell*, 84 S.W.3d 383, 391 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.).

[67] *Hernandez v. Hayes*, 931 S.W.2d 648, 652 (Tex. App.—San Antonio 1996, writ denied).

[68] *Hernandez v. Hayes*, 931 S.W.2d 648, 652 (Tex. App.—San Antonio 1996, writ denied).

[69] *Alejandro v. Bell*, 84 S.W.3d 383, 391 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.).

[70] *Hernandez v. Hayes*, 931 S.W.2d 648, 653 (Tex. App.—San Antonio 1996, writ denied).

[71] *Thomas v. Beaumont Heritage Soc.*, 339 S.W.3d 893, 900 (Tex. App.—Beaumont 2011, pet. denied) (citing Tex. Gov't Code § 551.001(3)(E)); *Point Isabel Indep. Sch. Dist. v. Hinojosa*, 797 S.W.2d 176, 179 (Tex. App.—Corpus Christi–Edinburg 1990, writ denied).

[72] *Stratta v. Roe*, 961 F.3d 340, 363 (5th Cir. 2020).

[73] *Stratta v. Roe*, 961 F.3d 340, 362 (5th Cir. 2020).

[74] TEX. GOVT. CODE § 551.042(b).

[75] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 753 (5th Cir. 2010) (citing TEX. GOVT. CODE § 551.074).

"[T]he District, like the private owner of property, may legally preserve the property under its control for the use to which it is dedicated."[76] **[Defendants' proposal: "The necessities of confining a forum to the limited and legitimate purposes for which it was created may justify the [District] in reserving it for certain groups or for the discussion of certain topics."[77]]**

PLAINTIFF'S OBJECTION: Plaintiff objects to Defendant's proposed language in the prior six paragraphs as unnecessary for the jury to resolve the questions presented to it.

DEFENDANT'S RESPONSE: A critical question the jury will be asked to determine is whether during the public comment period of the District's August 23, 2021 board meeting, the Board President's actions were "reasonable" to preserve the purposes of the District's limited public forum?[78] In determining the fact issue about whether the Board President's actions were "reasonable," the jury must be given sufficient guidance from the Court. It cannot decide this issue in a vacuum; instead, it must consider this issue "under all the circumstances." *City of Ontario, Cal. v. Quon*, 560 U.S. 746, 757 (2010). The Defendants' actions are heavily regulated by federal and state law and regulations. Failure to inform the jury about these important laws and regulations would seriously impair the presentation of an effective defense. "A proposed instruction must (1) be substantially correct as a statement of the law, (2) not be substantially covered in the charge as a whole, and (3) concern an important issue in the trial, such that failure to give it seriously impairs the presentation of an effective defense."[79] Failing to provide detailed instructions about it legal obligations to its employees and students could lead to reversible error as the Fifth Circuit could conclude that the charge as a whole creates "substantial and ineradicable doubt whether the jury has been properly guided in its deliberation." *Taita Chem. Co. v. Westlake Styrene, LP*, 351 F.3d 663, 667 (5th Cir. 2003); *see Castellano v. Fragozo*, 352 F.3d 939, 953, n.86 (5th Cir. 2003) (en banc).

\*\*\*

School boards "have the power to protect the public from boisterous and threatening conduct."[80] **[Defendants' proposal: School boards also have "a legitimate interest, if not state-law duty, to protect student and teacher privacy and to avoid naming or shaming as potential frustration of its conduct of business."[81]]**

---

[76] *Lamb's Chapel v. Ctr. Moriches Union Free Sch. Dist.*, 508 U.S. 384, 390 (1993).

[77] *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 829 (1995); *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 354-55 (5th Cir. 2001).

[78] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc*., 473 U.S. 788, 808 (1985); *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 758 (5th Cir. 2010).

[79] *United States v. Pursley*, 22 F.4th 586, 591–92 (5th Cir. 2022).

[80] *Monroe v. Houston Indep. Sch. Dist.*, 794 Fed. Appx. 381, 386 (5th Cir. 2019).

[81] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 760 (5th Cir. 2010); *see also Owasso Indep. Sch. Dist. No. I-011 v. Falvo*, 534 U.S. 426, 428 (2002); Tex. Educ. Code § 21.355 (West); Tex. Gov't Code § 551.082 (West).

PLAINTIFF'S OBJECTION: Plaintiff objects to inclusion of this obstruction. The selected text comes from *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 760 (5th Cir. 2010) and involves a discussion of the board's "speech neutral interest in setting an agenda and paths to Board hearings . . . ." This instruction implies that it is valid law that a Board has a global interest in protecting student and teacher privacy and avoiding naming and shaming in its meetings, which is the very dispute at issue in this case.

DEFENDANT'S RESPONSE: "Under FERPA [Family Educational Rights and Privacy Act], schools and educational agencies receiving federal financial assistance must comply with certain conditions. One condition specified in the Act is that sensitive information about students may not be released without parental consent."[82]  "A document evaluating the performance of a teacher or administrator is confidential."[83]  The Texas Open Meetings Act specifically allows a school board to hear in a closed session matters involving discipline of a public school child and matters in which a complaint or charge is brought against an employee of the school district.[84]  As the Fifth Circuit made clear in *Fairchild v. Liberty Indep. Sch. Dist.*, "[w]here the Board cannot take immediate responsible action, it need not suffer one side of a dispute awaiting resolution by alternative channels. In short, the Board did not open the comment session of its agenda to create a dispute resolution forum, anticipating that issues that do arise can be channeled into and heard at one of the Board's robust grievance processes. This leaves the public ample opportunity to be heard—just not here and now."[85]

*** 

The parties stipulate that the school board meeting is not a traditional public forum. **[This stipulation is pending Defendants' approval in the pre-trial order.]**Plaintiff contends that a school board meeting is a designated public forum. The District, on the other hand, contends that a school board meeting is a **[Plaintiff's proposal: nonpublic forum] [Defendants' proposal: limited public forum].**

PLAINTIFF'S OBJECTION: Plaintiff objects to the use of the term "limited forum" and asserts the Supreme Court has clarified that the proper term is "nonpublic forum." *See Minn. Voters All. v. Mansky*, 138 S. Ct. 1876, 1885 (2018) ("Generally speaking, our cases recognize three types of government-controlled spaces: traditional public forums, designated public forums, and nonpublic forums.").

DEFENDANT'S RESPONSE:  According to the Fifth Circuit, "[t]here are two broad categories of forums: (1) traditional and designated public forums and (2) limited public forums and nonpublic forums." *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 426 (5th Cir. 2020); *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 758 (5th Cir. 2010) (using the phrase "limited public forum").  Post-*Mansky*, the Fifth Circuit continues to use the term "limited public forum." *See, e.g., Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 835 (5th Cir. 2023); *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 426 (5th Cir.

---

[82] *Owasso Indep. Sch. Dist. No. I-011 v. Falvo*, 534 U.S. 426, 428 (2002)
[83] TEX. EDUC. CODE § 21.355 (West).
[84] TEX. GOV'T CODE § 551.082 (West).
[85] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 760 (5th Cir. 2010).

2020); *Robinson v. Hunt Cnty., Texas*, 921 F.3d 440, 448 (5th Cir. 2019).  Finally, using the phrase "nonpublic forum" would be confusing to the jury since the public is invited to attend school board meetings. Jury instructions must be crafted so as "not likely to confuse or mislead the jury." *Scheib v. Williams-McWilliams Co., Inc.*, 628 F.2d 509, 511 (5th Cir. 1980).

\*\*\*

"The [District] cannot create a designated public forum by inaction or by permitting limited discourse."[86] The District creates a designated public forum "only by intentionally opening a nontraditional forum for public discourse."[87]

<u>Designated Public Forum</u>

In deciding whether the District through "purposeful government action"[88] "intended"[89] to "transform[ ] its property into a designated public forum,"[90] you may consider the following factors, if any:

1. Whether based on its "policy and practice," the District "purposefully" "intended to designate a place . . . as a public forum" "to facilitate discussion or debate" and where individuals can engage in "general debate," "the free exchange of ideas," and "general communication";[91]

2. Whether the "forum serves as an essentially passive vehicle for [free speech] by the public" and is "[ ]compatible with the [forum's] primary activity;"[92]

3. Whether "the extent of the use granted" by the District "allow[s] general access to or indiscriminate use of the forum . . . by the general public, or by particular speakers, or for the discussion of designated topics,"[93]

---

[86] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 759 (5th Cir. 2010).

[87] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 802 (1985); *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 346-47 (5th Cir. 2001).

[88] *Ark. Educ. Television Comm'n v. Forbes*, 523 U.S. 666, 677 (1998).

[89] *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 346-48 (5th Cir. 2001).

[90] *Doe v. Santa Fe Indep. Sch. Dist.*, 168 F.3d 806, 819 (5th Cir. 1999), *aff'd*, 530 U.S. 290 (2000); *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 346 (5th Cir. 2001).

[91] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 802, 811 (1985); *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 758 (5th Cir. 2010); *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 348 (5th Cir. 2001); *Doe v. Santa Fe Indep. Sch. Dist.*, 168 F.3d 806, 819 (5th Cir. 1999), *aff'd*, 530 U.S. 290 (2000).

[92] *Doe v. Santa Fe Indep. Sch. Dist.*, 168 F.3d 806, 819 (5th Cir. 1999), *aff'd*, 530 U.S. 290 (2000); *Estiverne v. Louisiana State Bar Ass'n*, 863 F.2d 371, 380 (5th Cir. 1989).

[93] *Doe v. Santa Fe Indep. Sch. Dist.*, 168 F.3d 806, 819–20 (5th Cir. 1999), *aff'd*, 530 U.S. 290 (2000).

4. Whether the forum is "generally open to the public," "the place for exchanges of dueling presentations on topics of public concern," or a "venue for the exchange of competing viewpoints;"[94]

5. Whether "the character of the place, the pattern of usual activity, the nature of its essential purpose and the population who take advantage of the general invitation extended make it an appropriate place for communication of views on issues of political and social significance;"[95]

6. Whether the forum gives speakers "free reign to address issues, or even a particular issue, of political and social significance;"[96] and

7. **[Defendants' proposal: Whether the agenda or other documents related to the District's board meetings mention that the meetings would be a forum to allow "for open debate."[97]]**

PLAINTIFF'S OBJECTION: Plaintiff objects to item 7 as it implies deference to the governmental body's restrictions on a forum as defining wither it is designated or not. As held in *OSU Student All. v. Ray*, 699 F.3d 1053, 1063 (9th Cir. 2012), this type of reasoning is circular and destroys the meaning of a designated public forum. Documents restricting the speech allowed in a forum cannot justify the conclusion that the forum is limited to only the allowed purposes.

DEFENDANT'S RESPONSE:  In *Chiu v. Plano Indep. Sch. Dist.*, the Fifth Circuit explained that "[t]o determine whether a forum such as a Math Night is a designated public forum as opposed to a limited or nonpublic forum, we must first ask whether the Math Nights were purposefully created to facilitate discussion or debate on math curriculum." 260 F.3d 330, 348 (5th Cir. 2001).  In its analysis, the Fifth Circuit noted that "[t]he invitation used to invite parents to attend Math Nights was quite general and made no mention of open debate or presentation of materials by individuals other than district-officials."  *Id.* at 349. Failing to provide an instruction that the jury is entitled to consider this type of documentary evidence (or lack thereof) could lead to reversible error. *Taita Chem. Co. v. Westlake Styrene, LP*, 351 F.3d 663, 667 (5th Cir. 2003); *see Castellano v. Fragozo*, 352 F.3d 939, 953, n.86 (5th Cir. 2003) (en banc).

***

**Nonpublic Forum**

In deciding whether the District created a **[Plaintiff's proposal: nonpublic forum] [Defendants' proposal: limited public forum]**, you may consider the following factors, if any:

---

[94] *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 46 (1983); *Doe v. Santa Fe Indep. Sch. Dist.*, 168 F.3d 806, 820 (5th Cir. 1999), *aff'd*, 530 U.S. 290 (2000).
[95] *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 349 (5th Cir. 2001); *Doe v. Santa Fe Indep. Sch. Dist.*, 168 F.3d 806, 820 (5th Cir. 1999), *aff'd*, 530 U.S. 290 (2000); *Estiverne v. Louisiana State Bar Ass'n*, 863 F.2d 371, 378–79 (5th Cir. 1989).
[96] *Doe v. Santa Fe Indep. Sch. Dist.*, 168 F.3d 806, 820 (5th Cir. 1999), *aff'd*, 530 U.S. 290 (2000).
[97] *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 349 (5th Cir. 2001).

1. Whether the District created the forum "for certain groups or for the discussion of certain topics" **[Defendants' proposal: "and does not allow persons to engage in every type of speech";[98]]**

2. Whether "the principal function of the forum would be disrupted by" unrestrained free speech;[99]

3. Whether the nature of the forum is "incompatible" or "administratively unmanageable" if access to speakers "could not be curtailed in a reasonable manner";[100]

4. Whether the forum was created by the District to "facilitate discussion or debate" only when the item is on the agenda.[101]

5. **[Defendants' proposal: Whether the forum was created by the District to "allow and respond to questions" only when the item is on the agenda;[102]]**

6. **[Defendants' proposal: Whether the forum was created by the District to allow "dialogue or decision-making" only when the item is on the agenda;[103]]**

7. **[Defendants' proposal: Whether the District "excludes from public discourse certain topics of speech—including individualized personnel matters—which the Board channels into . . . dispute resolution arenas" or grievance procedures;[104] and]**

8. **[Defendants' proposal: Whether the forum was created by the District for a "learning and routing mechanism."[105]]**

PLAINTIFF'S OBJECTION: Plaintiff objects to the use of the term "limited forum" and asserts the Supreme Court has clarified that the proper term is "nonpublic forum." *See Minn. Voters All. v. Mansky*, 138 S. Ct. 1876, 1885 (2018) ("Generally speaking, our cases recognize three types of government-controlled spaces: traditional public forums, designated public forums, and nonpublic forums."). Plaintiff objects to items 5 and 6 because he has not challenged these restrictions on speech by the Board's trustees. These items may wrongly imply that the speech of the trustees is relevant to the permissible speech of citizens during the open forum. Likewise, Plaintiff objects items 7 and 8 as this language comes from *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 760 (5th Cir. 2010). These were the items partially at issue in *Fairchild* and the very

---

[98] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 758-59 (5th Cir. 2010); *Estiverne v. Louisiana State Bar Assoc.*, 863 F.2d 371, 378 (5th Cir.1989).
[99] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 804 (1985).
[100] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 802, 803, 809 (1985); *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 346 (5th Cir. 2001).
[101] *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 348 (5th Cir. 2001); *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 759-60 (5th Cir. 2010).
[102] *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 348 (5th Cir. 2001).
[103] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 759 (5th Cir. 2010).
[104] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 759 (5th Cir. 2010).
[105] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 760 (5th Cir. 2010).

items at issue here. The determination that Liberty ISD's board meetings constituted a nonpublic forum did not turn on these elements. Moreover, as held in *OSU Student All. v. Ray*, 699 F.3d 1053, 1063 (9th Cir. 2012), allowing such restrictions to define the type of forum is circular reasoning that would destroy the meaning of a designated public forum. Restrictions on the speech allowed in a forum cannot justify the conclusion that the forum is limited to only the allowed purposes.

DEFENDANT'S RESPONSE:  According to the Fifth Circuit, "[t]here are two broad categories of forums: (1) traditional and designated public forums and (2) limited public forums and nonpublic forums." *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 426 (5th Cir. 2020); *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 758 (5th Cir. 2010) (using the phrase "limited public forum").  Post-*Mansky*, the Fifth Circuit continues to use the term "limited public forum." *See, e.g., Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 835 (5th Cir. 2023); *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 426 (5th Cir. 2020); *Robinson v. Hunt Cnty., Texas*, 921 F.3d 440, 448 (5th Cir. 2019).  Using the phrase "nonpublic forum" would be confusing to the jury since the public is invited to attend school board meetings. Jury instructions must be crafted so as "not likely to confuse or mislead the jury." *Scheib v. Williams-McWilliams Co., Inc.*, 628 F.2d 509, 511 (5th Cir. 1980).

With regard Plaintiff's objections to Defendants' proposed instructions in item nos. 5 and 6, these are factors for the jury to consider in making their factual determination regarding the type of forum.  As the Fifth Circuit explained in *Chiu v. Plano Indep. Sch. Dist.*, "[i]f the [the district] intended to present information about the implementation of the pilot Connected Math program and what changes parents of children in the program might expect, such a limited forums would not rise to the level of a designated public forum." 260 F.3d 330, 348 (5th Cir. 2001).  "If, however, the [the district] *intended to allow and respond to questions* relating to the propriety of Connected Math as a curricular option, and *intended to allow debate* over the merits of the program[,]" it would constitute a designated public forum.  *Id.* (emphasis added). The District's intent is not only relevant but a deciding factor in determining the type of forum. *Id.*  As to item nos. 7 and 8, these are factors the *Fairchild* court explicitly considered in reaching its decision.  As the *Fairchild* court explained, "[t]he Board policies *exclude from public discourse* certain topics of speech—including *individualized personnel matters*—which the Board channels into more effective dispute resolution arenas, before it hears the matter and resolves it. So limited, the Board meeting defies categorization as a designated public forum . . ." *Fairchild v. Liberty Indep. Sch. Dist.,* 597 F.3d 747, 759 (5th Cir. 2010) (emphasis added).  Further, in *Fairchild*, the Fifth Circuit recognized the legal reality that the School Board "may not deliberate or take action" during public comment rendering public comment "learning and routing mechanism."  *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 760 (5th Cir. 2010).  Finally, item no. 8 does not reference the exclusion of a topic and thus does not implicate the circular argument concern raised by the Ninth Circuit in *OSU Student All. v. Ray,* 699 F.3d 1053, 1063 (9th Cir. 2012)

\*\*\*

17

**The Required Standards for Designated Public Forums**

[Defendants' proposal: For the third element, the required standard depends on the type of forum.  In designated public forums, the District can restrict speech if the policy is "narrowly tailored to achieve a compelling governmental interest."[106] "A speech restriction is narrowly tailored to a compelling state interest where it does no more than is necessary to further the interest."[107] "A narrowly tailored restriction must also advance the asserted interest well enough to prove that the interest is genuine and not [an after-the-fact] rationalization."[108] "To meet the requirement of narrow tailoring, the [District] must demonstrate that alternative measures that burden substantially less speech would fail to achieve the [District's] interests, not simply that the chosen route is easier."[109] "Reasonable time, place and manner regulations are permissible, and a[ny] content-based prohibition must be narrowly drawn to effectuate a compelling state interest."[110]]

**The Required Standards for Limited Public Forums**

[Defendants' proposal: In limited public forums, the District may restrict speech "as long as the restrictions are reasonable and are not an effort to suppress expression merely because public officials oppose the speaker's view."[111]  The District is not required to "open the comment session of its agenda to create a dispute resolution forum."[112]  Rather, the District is permitted to "limit[ ] the comment session to flagging issues for potential in-depth follow-up, diverting controversies that surface to an alternative hearing path to be developed before being resolved by the Board."[113] Thus, the District is permitted to "channel" certain issues "into and heard at one of the [District's] grievance processes."[114] "This leaves the public ample opportunity to be heard" . . . "and allow for reasonable alternative communication."[115]]


**Content-Neutral Restrictions**

[Defendants' proposal: "[I]n determining whether the [District] is acting to preserve the limits of the forum it has created so that the exclusion of a class of speech is legitimate," you must consider whether the District's official policy constitutes a content neutral

---

[106] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 800 (1985); Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 45 (1983); *Schirmer v. Edwards*, 2 F.3d 117, 120 (5th Cir. 1993).
[107] *Willey v. Harris Cnty. Dist. Attorney*, 27 F.4th 1125, 1133–34 (5th Cir. 2022).
[108] *Willey v. Harris Cnty. Dist. Attorney*, 27 F.4th 1125, 1134 (5th Cir. 2022).
[109] *McCullen v. Coakley*, 573 U.S. 464, 495, 134 S. Ct. 2518, 2540, 189 L. Ed. 2d 502 (2014).
[110] *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 46 (1983).
[111] *Ark. Educ. Television Comm'n v. Forbes*, 523 U.S. 666, 677-78 (1998); *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 758 (5th Cir. 2010); *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 347 (5th Cir. 2001); *see Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 469 (2009).
[112] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 760 (5th Cir. 2010).
[113] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 760 (5th Cir. 2010).
[114] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 760 (5th Cir. 2010).
[115] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 760-61 (5th Cir. 2010).

restriction or viewpoint discrimination.[116] "When government creates . . . a limited public forum for private speech[,]" . . . some content- and speaker-based restrictions may be allowed."[117]]

[Defendants' proposal: The District "may impose some content-based restrictions on speech in [limited public] forums."[118] The District's school board meetings are subject to the Texas Open Meetings Act.[119] This law is "a constitutional, content-neutral time, place, or manner restriction on an individual's First Amendment right."[120] For example, "[a] speaker may be excluded from a [limited public] forum if he wishes to address a topic not encompassed within the purpose of the forum."[121] In a limited public forum, restrictions on speech based on content "may be permissible if it preserves the purposes of that limited forum."[122] The District's "decision to restrict [speech] [in] a [limited public] forum need only be *reasonable;* it need not be the most reasonable or the only reasonable limitation."[123]]

[Defendants' proposal: The First Amendment does not require "unrestricted access to a [limited public] forum merely because use of that forum may be the most efficient means of delivering the speaker's message."[124] And the District "does not violate the First Amendment when it limits participation . . . in order to minimize disruption [of a meeting], to ensure the success of the [meeting], or to avoid the appearance of . . . favoritism . . . ."[125] A policy that "appl[ies] evenhandedly to all speakers weigh[s] in favor of finding content-neutrality."[126]]

PLAINTIFF'S OBJECTION: Plaintiff objects to the prior six instructions as they are tied to Defendant's proposed elements for his as-applied challenge, which unnecessarily borrow from law regarding facial challenges. The issues of whether there is narrow tailoring to a compelling interest is a legal question, or at least a mixed question of law and fact for the court to decide. *See United States v. Friday*, 525 F.3d 938, 949 (10th Cir. 2008) ("In First Amendment cases, application of the least-restrictive-means (or "narrow tailoring") test to a given set of facts is well understood to be a question of law.") *; United States v. Doe*, 968 F.2d 86, 88 (D.C. Cir. 1992) ("Whether the regulation meets the 'narrowly tailored' requirement is of course a question of law, to be reviewed by an appellate court *de novo*."); *Gerritsen v. City of Los Angeles*, 994 F.2d 570, 575 (9th Cir. 1993) ("[W]e review First Amendment questions de novo since they present mixed questions of law and fact, requiring us to apply principles of First Amendment jurisprudence to the specific facts of this case." (internal quotation marks omitted)); *Mastrovincenzo v. City of New*

---

[116] *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 829–30 (1995).

[117] *Matal v. Tam*, 582 U.S. 218, 243, 137 S. Ct. 1744, 1763, 198 L. Ed. 2d 366 (2017).

[118] *Minnesota Voters All. v. Mansky*, 138 S. Ct. 1876, 1885 (2018).

[119] *Thomas v. Beaumont Heritage Soc.*, 339 S.W.3d 893, 900 (Tex. App.—Beaumont 2011, pet. denied) (citing Tex. Gov't Code § 551.001(3)(E)); *Point Isabel Indep. Sch. Dist. v. Hinojosa*, 797 S.W.2d 176, 179 (Tex. App.—Corpus Christi–Edinburg 1990, writ denied).

[120] *Stratta v. Roe*, 961 F.3d 340, 361 (5th Cir. 2020).

[121] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 806 (1985).

[122] *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 829–30 (1995); *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 758 (5th Cir. 2010).

[123] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 808 (1985).

[124] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 809 (1985).

[125] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 813 (1985).

[126] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 761 n.49 (5th Cir. 2010)

*York*, 435 F.3d 78, 100 (2d Cir. 2006) ("Our narrow-tailoring inquiry requires us to apply principles of First Amendment jurisprudence to the specific facts of this case, and therefore we treat this issue as a mixed question of law and fact that we may resolve on appeal."). Plaintiff also specifically objects to the use of the term "limited forum" and asserts the Supreme Court has clarified that the proper term is "nonpublic forum." *See Minn. Voters All. v. Mansky*, 138 S. Ct. 1876, 1885 (2018) ("Generally speaking, our cases recognize three types of government-controlled spaces: traditional public forums, designated public forums, and nonpublic forums.").

DEFENDANT'S RESPONSE: The Fifth Circuit has held that "whether the imposition of a burden is the least restrictive means of furthering a compelling government interest is best characterized as a mixed question of fact and law" . . . "[b]ecause it is highly dependent on a number of underlying factual issues." *Garner v. Kennedy*, 713 F.3d 237, 242 (5th Cir. 2013). Therefore, Defendants request that this instruction be submitted to the jury. The Court can later use the jury's determination in making any legal conclusions.

\*\*\*

Viewpoint Discrimination

*Viewpoint Discrimination* occurs when the government targets particular views taken by speakers, and when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction.[127] **[Defendants' proposal: For the action or policy to be considered viewpoint discrimination, it must regulate "speech based on the specific motivating ideology or the opinion or perspective of the speaker."[128] Plaintiff must prove the action or policy was "an effort to suppress expression merely because public officials oppose[d] the speaker's view."[129] "Viewpoint discrimination is "impermissible when directed against speech otherwise within the forum's limitations."[130] In other words, the District would violate the First Amendment if "it denies access to a speaker solely to suppress the point of view [the speaker] espouses on an otherwise includible subject" on the agenda.[131]]** "[T]he public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers."[132]

**[Defendants' proposal: "[P]ublically spoken praise at board meetings" or other "laudatory comments" do not involve "personnel matters such as 'appointment, employment, evaluation, reassignment, duties, discipline, or dismissal'—and so do not fall under [the District's] policy." Because these types of comments "do not contemplate further**

---

[127] *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 829 (1995).
[128] *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 168 (2015).
[129] *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 347 (5th Cir. 2001).
[130] *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 829–30 (1995).
[131] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 806 (1985).
[132] *Matal v. Tam*, 582 U.S. 218, 244 (2017).

action by the Board and hint of no focused dispute to be resolved," they do not establish viewpoint discrimination and you should not consider them for any purpose.[133]]

PLAINTIFF'S OBJECTION: *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 829 (1995) sets out a clear standard for viewpoint discrimination. The Defendant's proposed language focuses only on proof regarding a policy, instead of looking at the motivations that underly an application of policy. Moreover, the language from *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 760 (5th Cir. 2010) is misleading and involves the very items at issue in this case. Instructing the jury they may not consider whether the board permits laudatory comments while prohibiting criticism amounts to a summary judgment ruling on Plaintiff's viewpoint discrimination claims, which this Court has appeared to reject.

DEFENDANT'S RESPONSE:  It is axiomatic that a plaintiff can prevail on his as-applied challenge regardless of the type of forum if he or she can prove the governmental authority engaged in viewpoint discrimination. *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 829 (1995) ("forbidding the State to exercise viewpoint discrimination, even when the limited public forum is one of its own creation").  This nuance, however, is addressed this particular instruction and in the conditional language found in the jury verdict form.

Nevertheless, "protected speech is not equally permissible in all places at all times." *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 799 (1985). "When government creates . . . a limited public forum for private speech[,]" . . . some content- and speaker-based restrictions may be allowed."[134]  The District "may impose some content-based restrictions on speech in [limited public] forums."[135] The District's school board meetings are subject to the Texas Open Meetings Act.[136] This law is "a constitutional, content-neutral time, place, or manner restriction on an individual's First Amendment right."[137] For example, "[a] speaker may be excluded from a [limited public] forum if he wishes to address a topic not encompassed within the purpose of the forum."[138] In a limited public forum, restrictions on speech based on content "may be permissible if it preserves the purposes of that limited forum."[139]  The District's "decision to restrict [speech] [in] a [limited public] forum need only be *reasonable; it* need not be the most reasonable or the only reasonable limitation."[140]  Therefore, instruction no. 2 is critical to explain to the jury that the forum analysis is an essential element of Plaintiff's Section 1983 claim.

Plaintiff objects that "the Defendant's proposed language focuses only on proof regarding a policy, instead of looking at the motivations that underly an application of policy."  But

---

[133] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 760 n.47 (5th Cir. 2010); FED. R. EVID.  105 ("If the court admits evidence . . . for a purpose—but not . . . for another purpose—the court, on a timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."); Fifth Circuit Jury Instructions (Civil Cases) at 2.6.
[134] *Matal v. Tam*, 582 U.S. 218, 243, 137 S. Ct. 1744, 1763, 198 L. Ed. 2d 366 (2017).
[135] *Minnesota Voters All. v. Mansky*, 138 S. Ct. 1876, 1885 (2018).
[136] *Thomas v. Beaumont Heritage Soc.*, 339 S.W.3d 893, 900 (Tex. App.—Beaumont 2011, pet. denied) (citing Tex. Gov't Code § 551.001(3)(E)); *Point Isabel Indep. Sch. Dist. v. Hinojosa*, 797 S.W.2d 176, 179 (Tex. App.—Corpus Christi–Edinburg 1990, writ denied).
[137] *Stratta v. Roe*, 961 F.3d 340, 361 (5th Cir. 2020).
[138] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 806 (1985).
[139] *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 829–30 (1995); *Fairchild v. Liberty Indep. Sch. Dist.,* 597 F.3d 747, 758 (5th Cir. 2010).
[140] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 808 (1985).

Defendants' proposed instruction specifically provides: "For *the action or policy* to be considered viewpoint discrimination, it must regulate "speech based on the specific motivating ideology or the opinion or perspective of the speaker." (emphasis added).

Plaintiff also complains that the language from Fairchild is "misleading." But it is virtually a direct quote from the opinion.

***

## INSTRUCTION NO. 10— *Plaintiff's "Facial" Challenge under Section 1983*

**[Defendants' proposal: To prevail on his § 1983 claim against the District alleging violation of his constitutional rights based on an official policy, the Plaintiff must prove each of the following elements by a preponderance of the evidence.**

1. **An official policy was adopted by the District's Board of Trustees;[141] and**

2. **The District's official policy would chill a person of ordinary firmness from engaging in public speech.[142]]**

**[Defendants' proposal: A "policy" can be a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the District's Board of Trustees.[143] In this case, the District's official policy is the Board Operating Procedures adopted by the District's Board of Trustees on October 18, 2021.**

## Constitutional Right of Free Speech

**[Defendants' proposal: "To establish the District deprived Plaintiff of his First Amendment right, the Plaintiff must prove the following additional elements by a preponderance of the evidence":**

1. **"The nature of the forum" involved was a "designated public forum";[144] and**

2. **The District's "time, place, and manner" restrictions in its official policy do not "satisfy the [required] standard."[145]**

---

[141] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989); *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 623 (5th Cir. 2018); Fifth Circuit Jury Instructions (Civil Cases) at 10.5(1) (modified).

[142] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 754 (5th Cir. 2010); Fifth Circuit Jury Instructions (Civil Cases) at 10.5(4) (modified); Ninth Circuit Manual of Model Jury Instructions at 9.11 (modified).

[143] Fifth Circuit Jury Instructions (Civil Cases) at 10.5 (modified).

[144] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 797 (1985).

[145] *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 469 (2009); *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 797 (1985); *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 761 (5th Cir. 2010).

22

PLAINTIFF'S OBJECTION: Plaintiff objects to Defendant's Proposed Instruction 10 in total because the facial constitutionality of the District's current Board Meeting Decorum rules is a legal question for the Court.  *See Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 662 (5th Cir. 2006) ("a facial challenge to the constitutionality of a statute presents a pure question of law . . . .").

Additionally, Plaintiff specifically objects to the sentence "In this case, the District's official policy is the Board Operating Procedures adopted by the District's Board of Trustees on October 18, 2021." Plaintiff has not sued to challenge the District's Board Operating Procedures but has instead challenged the Board Meeting Decorum rules published on the District's website and announced to the public at each meeting. ECF No. 39 at ¶¶ 21-22; 36-44.

Plaintiff also specifically objects to the section entitled "Constitutional Right of Free Speech" as Plaintiff should prevail on his facial challenge regardless of the type of forum because the current Board Meeting Decorum rules are not viewpoint neutral. *See Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 829 (1995).

DEFENDANT'S RESPONSE:  While "a facial challenge to the constitutionality of a statute presents a pure question of law," *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 662 (5th Cir. 2006), whether a plaintiff can prove a Section 1983 claim based on an official policy is question of fact.  "An 'official policy' means a formal policy, such as a rule or regulation adopted by the [District], resulting from a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  Ninth Circuit Manual of Model Jury Instructions, at 9.5, cmt. (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *Connick v. Thompson*, 563 U.S. 51, 62 (2011)).  When a plaintiff is seeking to establish liability based on an official policy, the Ninth Circuit Manual of Model Jury Instructions provide that the jury should be instructed as provided above "when *Monell* liability is based on an expressly adopted official policy . . . of the defendant that is alleged to be itself unlawful . . . ." *Id*.

Furthermore, the Board Meeting Decorum rules is not an official policy of the District and is therefore irrelevant to the jury's determination.

Finally, it is axiomatic that a plaintiff can prevail on his as-applied challenge regardless of the type of forum if he or she can prove the governmental authority engaged in viewpoint discrimination. *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 829 (1995) ("forbidding the State to exercise viewpoint discrimination, even when the limited public forum is one of its own creation").  This nuance, however, is addressed the earlier instructions and in the conditional language found in the jury verdict form.

***

INSTRUCTION NO. 11—*Nominal Damages*


Plaintiff is not seeking actual damages. The law that applies to the case, however, authorizes an award of nominal damages.[146] Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of his rights has occurred, but the plaintiff has suffered no actual loss or injury.

INSTRUCTION NO. 12—*Duty to Deliberate*


It is now your duty to deliberate and to consult with one another in an effort to reach a verdict.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong.  But do not give up your honest beliefs because the other jurors think differently, or just to finish the case.

Alternative 1:  Remember at all times, you are the judges of the facts.  You have not been allowed to take notes during this trial.  You must rely on your memory.

Alternative 2:  Remember at all times, you are the judges of the facts.  You have been allowed to take notes during this trial.  Any notes that you took during this trial are only aids to memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors.  Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.


When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes.  You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.


Your verdict must be unanimous.  After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it.  After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.


If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer.  After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom.  Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.


You may now proceed to the jury room to begin your deliberations.[147]

-v/-

---

[146] Ninth Circuit Manual of Model Jury Instructions at 5.6 (modified).
[147] Fifth Circuit Jury Instructions (Civil Cases) at 3.7.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MITCHELL RYAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-01075-P |
| | § | |
| GRAPEVINE COLLEYVILLE | § | |
| INDEPENDENT SCHOOL | § | |
| DISTRICT and CASEY FORD | § | |
| in his official capacity as GCISD | § | |
| School Board President | § | |
| | § | |
| Defendants. | § | |

## AGRRED VERDICT OF THE JURY

We, the jury, unanimously find the following by a preponderance of the evidence:

QUESTION NO. 1

Did the Plaintiff prove by a preponderance of the evidence that the District through "purposeful government action"[1] "intended"[2] to "transform[ ] its property into a designated public forum"?[3]

Answer "Yes" or "No."

Answer: _____

If you answered "Yes" to Question No. 1, then answer Question No. 2. If you answered "No" to Question No.1, then answer Question No. 3.

## [Defendants' proposal: QUESTION NO. 2

**Did the District prove by a preponderance of the evidence that during the public comment period of the District's August 23, 2021 board meeting, Board President's actions were "narrowly tailored to achieve a compelling governmental interest?"[4]**

---

[1] *Ark. Educ. Television Comm'n v. Forbes*, 523 U.S. 666, 677 (1998).
[2] *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 346-48 (5th Cir. 2001).
[3] *Doe v. Santa Fe Indep. Sch. Dist.*, 168 F.3d 806, 819 (5th Cir. 1999), *aff'd*, 530 U.S. 290 (2000); *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 346 (5th Cir. 2001).
[4] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 800 (1985); *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 45 (1983); *Schirmer v. Edwards*, 2 F.3d 117, 120 (5th Cir. 1993).

Answer "Yes" or "No."

Answer: _____

      If you answered "Yes" to Question No. 2, then answer Question No. 6. If you answered "No" to Question No. 2, then skip Question No. 3 and answer Question No. 4.]

PLAINTIFF'S OBJECTION: Plaintiff objects that this question should not be submitted because "narrow tailoring" is a legal question, or at least a mixed question of law and fact for the court to decide. *See United States v. Friday*, 525 F.3d 938, 949 (10th Cir. 2008) ("In First Amendment cases, application of the least-restrictive-means (or "narrow tailoring") test to a given set of facts is well understood to be a question of law.") *; United States v. Doe,* 968 F.2d 86, 88 (D.C. Cir. 1992) ("Whether the regulation meets the 'narrowly tailored' requirement is of course a question of law, to be reviewed by an appellate court *de novo.*"); *Gerritsen v. City of Los Angeles*, 994 F.2d 570, 575 (9th Cir. 1993) ("[W]e review First Amendment questions de novo since they present mixed questions of law and fact, requiring us to apply principles of First Amendment jurisprudence to the specific facts of this case." (internal quotation marks omitted)); *Mastrovincenzo v. City of New York*, 435 F.3d 78, 100 (2d Cir. 2006) ("Our narrow-tailoring inquiry requires us to apply principles of First Amendment jurisprudence to the specific facts of this case, and therefore we treat this issue as a mixed question of law and fact that we may resolve on appeal.").

DEFENDANT'S RESPONSE: The Fifth Circuit has held that "whether the imposition of a burden is the least restrictive means of furthering a compelling government interest is best characterized as a mixed question of fact and law" . . . "[b]ecause it is highly dependent on a number of underlying factual issues." *Garner v. Kennedy*, 713 F.3d 237, 242 (5th Cir. 2013). Therefore, Defendants request that this instruction be submitted to the jury. The Court can later use the jury's determination in making any legal conclusions.

QUESTION NO. 3

      Did the District prove by a preponderance of the evidence that during the public comment period of the District's August 23, 2021 board meeting, the Board President's actions were "reasonable" "to preserve[ ] the purposes of [the District's] **[Plaintiff's proposal: nonpublic] [Defendants' proposal: limited public]** forum?"[5]

Answer "Yes" or "No."

Answer: _____

PLAINTIFF'S OBJECTION: Plaintiff objects to the use of the term "limited forum" and asserts the Supreme Court has clarified that the proper term is "nonpublic forum." *See Minn. Voters All. v. Mansky*, 138 S. Ct. 1876, 1885 (2018) ("Generally speaking, our cases recognize three types of government-controlled spaces: traditional public forums, designated public forums, and nonpublic forums.").

---

[5] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc*., 473 U.S. 788, 808 (1985); *Fairchild v. Liberty Indep. Sch. Dist.,* 597 F.3d 747, 758 (5th Cir. 2010).

DEFENDANT'S RESPONSE: According to the Fifth Circuit, "[t]here are two broad categories of forums: (1) traditional and designated public forums and (2) limited public forums and nonpublic forums." *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 426 (5th Cir. 2020); *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 758 (5th Cir. 2010) (using the phrase "limited public forum"). Post-*Mansky*, the Fifth Circuit continues to use the term "limited public forum." *See, e.g., Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 835 (5th Cir. 2023); *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 426 (5th Cir. 2020); *Robinson v. Hunt Cnty., Texas*, 921 F.3d 440, 448 (5th Cir. 2019). Finally, using the phrase "nonpublic forum" would be confusing to the jury since the public is invited to attend school board meetings.

If you answered "Yes" to Question No. 3, then answer Question No. 7. If you answered "No" to Question No. 3, then answer Question No. 4.

QUESTION NO. 4

During the public comment period of the District's August 23, 2021 board meeting, were the acts of the Board President "motivated by **[Plaintiff's proposal: a] [Defendants' proposal: the District's]** desire to suppress a particular point of view?"[6]

Answer "Yes" or "No."

Answer: _____

Proceed to Question No. 5.

PLAINTIFF'S OBJECTION: Plaintiff objects to the phrase "the [District's]" as this is not found in the cited case. *See Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 812–13 (1985) ("We decline to decide in the first instance whether the exclusion of respondents was impermissibly motivated by a desire to suppress a particular point of view.").

DEFENDANTS' RESPONSE: The only relevant motivation is the motivation of "the government." *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.,* 473 U.S. 788, 812–13 (1985).

QUESTION NO. 5

During the public comment period of the District's August 23, 2021 board meeting, did the District—by the acts of its Board President—"proximately cause" "a deprivation of Plaintiff's constitutional right to free speech?"[7]

Answer "Yes" or "No."

---

[6] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 812–13 (1985).
[7] Ninth Circuit Manuel of Model Jury Instructions at 9.6 (modified); *see also Cnty. of Los Angeles, Calif. v. Mendez*, 581 U.S. 420, 432 (2017); *Meador v. Apple, Inc*., 911 F.3d 260, 264 (5th Cir. 2018); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996); *Stevenson v. Koskey*, 877 F.2d 1435, 1439 (9th Cir. 1989).

Answer: _____

**[Defendants' proposal: QUESTION NO. 6**

If you answered "Yes" to Question No. 1, then answer Question No. 6. If you answered "No" to Question No. 1, then answer Question No. 7.

Did the District prove by a preponderance of the evidence that its official policy is "narrowly tailored to achieve a compelling governmental interest"?[8]

Answer "Yes" or "No."

Answer: _____

If you answered "Yes" to Question No. 6, then answer Question No. 9. If you answered "No" to Question No. 6, then answer Question No. 8.

**QUESTION NO. 7**

Did the District prove by a preponderance of the evidence that its official policy is "reasonable" "to preserve[ ] the purposes of [its] limited [public] forum?"[9]

Answer "Yes" or "No."

Answer: _____

If you answered "Yes" to Question No. 7, then answer no further questions. If you answered "No" to Question No. 7, then answer Question No. 8.

**QUESTION NO. 8**

Did Plaintiff prove by a preponderance of the evidence that the District's official policy "chill[s] a person of ordinary firmness from engaging in public speech?"[10]

Answer "Yes" or "No."

Answer: _____]

---

[8] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 800 (1985); *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 45 (1983); *Schirmer v. Edwards*, 2 F.3d 117, 120 (5th Cir. 1993).
[9] *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 808 (1985); *Fairchild v. Liberty Indep. Sch. Dist.,* 597 F.3d 747, 758 (5th Cir. 2010).
[10] *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 754 (5th Cir. 2010); Fifth Circuit Jury Instructions (Civil Cases) at 10.5(4) (modified); Ninth Circuit Manuel of Model Jury Instructions at 9.11 (modified).

PLAINTIFF'S OBJECTION: Plaintiff objects to submission of questions 6, 7, and 8 regarding the facial constitutionality of the District's current Board Meeting Decorum rules because facial validity is a legal question for the Court. *See Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 662 (5th Cir. 2006) ("a facial challenge to the constitutionality of a statute presents a pure question of law . . . .").

DEFENDANTS' RESPONSE: While "a facial challenge to the constitutionality of a statute presents a pure question of law," *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 662 (5th Cir. 2006), whether a plaintiff can prove a Section 1983 claim based on an official policy is question of fact.  "An 'official policy' means a formal policy, such as a rule or regulation adopted by the [District], resulting from a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  Ninth Circuit Manual of Model Jury Instructions, at 9.5, cmt. (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *Connick v. Thompson*, 563 U.S. 51, 62 (2011)).  When a plaintiff is seeking to establish liability based on an official policy, the Ninth Circuit Manual of Model Jury Instructions provide that the jury should be instructed as provided above "when *Monell* liability is based on an expressly adopted official policy . . . of the defendant that is alleged to be itself unlawful . . . ."  *Id.*

SO SAY WE ALL, this ___ day of _____, 2023.

_____
Foreperson

1519603-v1/11027-021000